# UNITED STATES DISTRICT COURT
for the
District of Kansas

| | |
|---|---|
| COI Robert Craft,<br>**Plaintiff,**<br><br>v.<br><br>CSI Jacob Townsend et al<br><br>**Defendants**<br>_____ / | )<br>)<br>)<br>) Case No: 6:23-cv-01081-JAR-GEB<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

---

### Plaintiff's Objection to Appearance of the Attorney General's Office of Kansas"

1. I, Robert Craft, in the aforementioned capacity, with the utmost humbleness and humility, bring forth this "**Plaintiff's Objection to Appearance of the Attorney General's Office of Kansas**" and do hereby establish a foundational perimeter and measure of un-declared facts, arguments in support of Plaintiff position, and makes a request to Court to act in the best interest of the Public.

2. **Defendants**

    a. **Defendant 1:** CSI Jacob Townsend in the aforementioned capacity

    b. **Defendant 2:** CSI John Linneman in the aforementioned capacity

    c. **Defendant 3:** Administrator Teresa Glendening in the aforementioned capacity

Page **1** of **8**

    d. **Defendant 4:** Warden Hazel Peterson in the aforementioned capacity

    e. **Defendant 5:** Deputy Secretary of Facilities Management Joel Hrabe in the aforementioned capacity

    (Hereinafter the Defendants)

**Plaintiff and Defendant**

3. The Plaintiff as it pertains to this case is a "Public Officer" in capacity.

4. The Plaintiff is considered a "Person holding an Office of Trust and Profit" under the Constitution for the United States (hereinafter the Constitution) per Article II Section I and Article VI.

5. The Plaintiff's measured specific perimeter for this case to be germinated and limited to reside in the jurisdiction of the Constitution from Preamble thru Amendment X.

6. The Plaintiff observes the point of origin in perspective to be the Preamble and all subsequent law or legal doctrine to be of that cause and inferior.

7. The Plaintiff recognizes a limited authority to bring forth this petition as Civil in nature for Personal and/or Individual injustices under the Federal Rules of Civil Procedure.

8. The Plaintiff recognizes by the same limited authority a restriction on bringing forth Petitions that are criminal in nature under the Federal Rules of Criminal Procedure.

9. The Plaintiff has brought this Petition against the Individual Public Officers who are on the exact same plain as the Plaintiff with the same rights and duties.

10. The Plaintiff has not ventured outside the realm of the limited boundaries of the Constitution as it pertains to Law nor superseded the limits of the Kansas Department of Corrections as it pertains to All Parties.

11. The Plaintiff has summoned the Individual People to these Law proceedings to answer for Actions in the interest of the Public which are perceived to be outside the Color of Law.

12. The Plaintiff has not made an accusation nor summoned the State of Kansas, the Kansas Department of Corrections, or any other State of Kansas Political Subdivision.

13. The Plaintiff has not summoned the United States or any other federal political subdivision to this controversy.

14. The Plaintiff has made no reference or accusation against the State of Kansas or the Kansas Department of Corrections in opposition to a Law or Legal Doctrine, established Policy, or Procedure (Hereinafter Law(s)), but has in fact cited and supported those same published Laws which are in fact in support of the Plaintiff's stated position and claims.

15. The Plaintiff's claims came under the premise the Defendants' actions are beyond the scope of public interest, duty, and responsibility as Public Officers, therefore were executed on their own Individual Personal behalf in disregard of established Law

**Attorney General**

16. The Plaintiff fully recognizes the Defendants have a 6th Amendment right to a Public Funded appointed Counsel in criminal matters per the "Civil Right to Counsel" (Gideon v. Wainwright, 372 U.S. 335 (1963)) (Hereinafter Gideon)

17. The Plaintiff calls to the Court's attention the Defendants have not been summoned for a "criminal matter", but a "civil matter", therefore Public Funded and Public Provided Defender (Office of the Attorney General) for Individual Public Officers summoned at the Constitution accused of actions outside the scope of duties and responsibilities falls outside of the boundaries of "Gideon."

18. The Plaintiff is required to call to the Court's attention the fact the Office of the Attorney General is required to uphold the Law in the interest of the Public, and when made aware of a possibility of Public Officers who have broken the law must act with due diligence in the public interest according to the law. Therefore, should it be declared by a Jury the Individual Defendants did, in fact, break the law by acting outside their individual scope of duty and responsibility by conspiring, colluding, depriving rights, and/or depriving of property, would it not be reasonable to conclude the Attorney General's associated Agents are also Persons in Public Trust and Profit with the same declared Public and Public Officer superior contract, have now participated in these judicial proceedings thereby becoming Individual Defendants to this and any subsequent cases thereby vesting a Personal interest and Political

interest in the outcome and thereby dissolution of the separation in the Attorney-Client relationship.

**19.**  The Plaintiff is required to call to the attention of the Court that the Deputy Secretary of Facilities Management Position is politically three Appointed steps away from the Attorney General of Kansas. (Deputy Secretary of Facilities Management, Secretary of Corrections, Governor of Kansas, and Attorney General of Kansas)

**20.**  The Plaintiff is required to call to the Court's attention that the Office of the Attorney General sits at the same level of appointed powers by the Governor of the State of Kansas as the Secretary of Corrections which inherently could be presumed to be a conflict of political interest.

**21.**  The Plaintiff in capacity has brought a suit in Defense of Constitutional Rights against the Defendants. If the Court finds it lawful to provide Public Funded Defenders (Office of the Attorney General) in Civil Cases regarding an Individual Public Officer v. Individual Public Officers of the same Political Subdivision, and the Fifth Amendment due process clause prohibits the federal government (United States District Court of the District Court of Kansas) from discrimination if the discrimination is so unjustifiable that it violates due process of law (Bolling v. Sharpe, 2010), the Court must order the Office of the Attorney General to also provide Public Funded Attorneys in "the assistance of counsel for the Defense" (Sixth Amendment) of Plaintiff's Individual Personal Constitutional Rights.

22. As no man can be the judge of his own cause, nor can the State of Kansas maintain impartiality during the performance of duties to investigate the actions of Individual Public Officers which were brought to the attention of a Federal Court per the Constitution, furthermore there remains a possibility during the discovery process that additional Public Officers played a direct role in the events that transpired which would only exacerbate a preponderance of impropriety.

23. The Office of the Attorney General should not choose a side during a controversy between an Individual Public Officer and other Individual Public Officers for which they have not been summoned.

24. The Office of the Attorney General as well as all other Public Offices of the State of Kansas have a duty and responsibility to the Law and the adherence of the Law by the Official Public Positions for which Individual Public Officers are assigned in Trust and Profit, therefore an Individual Public Officer could never have, nor execute, or nor maintain a Personal Attorney/Client relationship and privilege with a Public funded Attorney unless appointed by the Court.

25. A Public Attorney cannot nor should be giving legal advice to a Public Officer without advising the Individual Public Officer they are Individually and Personally Responsible for their actions outside the color of the law, and the Attorney in limited appearance and representation is only able to represent actions within the narrow scope of a Public Office duties and responsibilities as it pertains to the Public Interest.

26. It must be asked how could the Office of the Attorney General possibly Defend the Defendants and Investigate at the same time the accusations brought before this Court, all while making sure the Public is protected by adherence to the Law and the Constitution has been supported?

27. The Office of the Attorney General could not possibly maintain its presumptive impartiality to act only in the best interest of the Public, provide for the Individual Defendants' needs, provide for the Plaintiff's needs, and fulfill its investigative duties and responsibilities under the Law. Just as it has long been written down that *"No servant can serve two masters: for either he will hate the one, and love the other; or else he will hold to the one, and despise the other. Ye cannot serve God and mammon." (Mark 6:24; Mathew 16:13)*

**Conclusion**

28. The Office of the Attorney General of Kansas and the Public should not be required to bear the burden of cost and services in the representation of either the Defendants or the Plaintiff as the Public has not been summoned nor has any type of Public Law been called into question or challenged, and the Individual Parties have retained their Personal Right to seek Individual representative counsel for themselves.

**Request to Court**

29. The Plaintiff in the best interest of the Public and the Court requests this honorable Court sustain the Plaintiff's objection to the Appearance

of the Office of the Attorney General of Kansas, thereby forcing the Public to bear the burden of cost and services in the representation of either the Defendants or the Plaintiff.

**Affidavit**

30. This affidavit is submitted in accordance with 28 U.S. Code § 1746 - Unsworn declarations under penalty of perjury, Plaintiff hereby declares under the penalty of perjury that the foregoing is true and correct to the best of Plaintiff's knowledge.

## Certificate of Service

I HEREBY CERTIFY that a true copy of the foregoing will be sent to Defendants per Fed. R. Civ. P. 5(b)(2) – (A), (B)(i), or (C)

s/ _____
COI Robert Craft
209 N Oak St
Stockton, KS 67669
Telephone: 941-270-0938
Email: craft.kdoc@gmail.com