# UNITED STATES DISTRICT COURT
for the
District of Kansas

| | |
|---|---|
| COI Robert Craft,<br>**Plaintiff,**<br><br>v.<br><br>CSI Jacob Townsend,<br>CSI John Linneman,<br>Administrator Teresa Glendening,<br>Warden Hazel Peterson, and<br><br>Deputy Secretary of Facilities Management Joel Hrabe<br><br>**Defendants**<br>_____/ | Case No: 6:23-cv-01081-JAR-GEB |

## PLAINTIFF'S APPLICATION FOR TEMPORARY RESTRAINING ORDER AND MOTION FOR PRELIMINARY INJUNCTION

1. Pursuant to Federal Rule of Civil Procedure 65, Plaintiff, Robert Craft by himself ProSe respectfully files this Emergency Application for a Temporary Restraining Order, and Motion for Preliminary Injunction (Application) against the Defendants' Individual/Personal representation "the Attorney General's Office of Kansas."

**Prerequisite for Motion**

2. Prior to filing this Application, and consistent with *Fed. R. Civ. P. 65(a)* per the following attempts to correspond with designated counsel.

    a. **May 31, 2023 @ 1:27 PM**: "*6-23-cv-01081-JAR-GEB - Craft v Townsend et al - Objection to Appearance by Attorney Generals Office of Kansas FOLLOW-UP*"

      b.  a. **May 31, 2023, @ 2:15 PM:** "*6-23-cv-01081-JAR-GEB - Craft v Townsend et al - Objection to Appearance by Attorney Generals Office of Kansas 2nd FOLLOW-UP*"

3. Both emails included primary counsel and 3 alternate Attorney General's Office co-counsels.

4. No Response has been received, and as far as the Plaintiff is aware no action to withdraw has been filed to the Court by Defendants' counsel.

**Support for Motion**

5. This Application sets forth to inherently preserve the integrity and status quo of this controversy.

6. The Plaintiff believes the Court should draw a clear and distinct line between a Public Officer by the authority of the Constitution for the United States (The Constitution) and the Bill of Rights to bring forth a case against Individual(s)/Person(s) who are presumed and accused of actions of Personal harm outside the Color of Law upon the Plaintiff for which the Plaintiff swore a duty to have the Lawful Facts and Individual/Personal Capacities of Defendant (Public Officers) declared.

7. Just as the Constitution's fundamental separation of powers per Article 1, II, and III. There is also a clear and specific separation of powers between the Federal government, State government, the People (Public), and an Individual/Person in the Bill of Rights.

8. The separation of the Kansas Department of Corrections and the State of Kansas's duties and responsibilities are required to remain solely in

Public Interest by following the Law in actions without pride or prejudice as a Public Seat of Government.

9. The Plaintiff believes the Attorney General's Office with unlimited public resources both monetary and physical establishes an unfair disadvantage to the Plaintiff and supersedes the limits of mandate by the Government to only act in a Public Interest.

10. The Attorney General's Office is displaying a bias legal position without any facts, providing legal advice and support to the individual(s)/person(s) who have not been ordered by the Court or been determined to be in need or authorized to have Public Funded representation.

11. The State of Kansas nor the Attorney General's Office as a public body politic should continue representation or interfere in the exercise and assertion of Plaintiff's Constitutional Rights as *"It is well settled that the state may not abuse its position as an employer to stifle 'the First Amendment rights [its employees] would otherwise enjoy as citizens to comment on matters of public interest.' " Eng v. Cooley, 552 F.3d 1062, 1070 (9th Cir.2009) (alteration in original) (quoting Pickering v. Bd. of Educ., 391 U.S. 563, 568, 88 S.Ct. 1731, 20 L.Ed.2d 811 (1968)). Moreover, the public has a strong interest in hearing from public employees, especially because "[g]overnment employees are often in the best position to know what ails the agencies for which they work." Waters v. Churchill, 511 U.S. 661, 674, 114 S.Ct. 1878, 128 L.Ed.2d 686 (1994). It may often be the case that, unless public employees are willing to blow the*

*whistle, government corruption and abuse would persist undetected and undeterred.* ***Dahlia v. Rodriguez, 735 F.3d 1060 (9th Cir. 2013)***

**Support of Motion**

12. To support this application, Plaintiff refers the Court to "**Document 14**": Plaintiff's Objection to Appearance of Attorney General's Office of Kansas.

**Request to Court**

13. The Plaintiff respectfully requests this honorable Court act hastily and in due diligent action

    a. to issue a Temporary Restraining Order on the Attorney General's Office of Kansas to cease and desist All interactions with the Individual Defendant(s), AND

    b. execute a Preliminary Injunction for the Attorney General's Office to withdraw Appearance, move to a position of impartiality under the Law, and follow ALL necessary and proper duties and responsibilities that are within the scope of Public Interest.

**Request to Schedule Hearing**

14. The Plaintiff respectfully requests that the Court schedule a hearing on this Application at the Court's earliest convenience as Plaintiff believes any interactions between Defendant(s) and the Attorney General's Office are destructive to the integrity of this case.

**Affidavit**

15. This affidavit is submitted in accordance with 28 U.S. Code § 1746 - Unsworn declarations under penalty of perjury, Plaintiff hereby declares

under the penalty of perjury that the foregoing is true and correct to the best of Plaintiff's knowledge.

### Certificate of Service

I HEREBY CERTIFY that a true copy of the foregoing will be sent to Defendants per Fed. R. Civ. P. 5(b)(2) – (A), (B)(i), or (C)

s/ _____<br>
COI Robert Craft<br>
209 N Oak St<br>
Stockton, KS 67669<br>
Telephone: 941-270-0938<br>
Email: craft.kdoc@gmail.com