# UNITED STATES DISTRICT COURT
for the
District of Kansas

COI Robert Craft,                                    )
      **Plaintiff,**                              )
                                    )
v.                                                   )   Case No: 6:23-cv-01081-JAR-
                                      )   GEB
CSI Jacob Townsend, et al                            )
                                      )
      **Defendants**                             )
_____/                            )

---

### Notice of Constitutional Question

**1.** I, Robert Craft, in the aforementioned capacity, with the utmost humbleness and humility, bring forth this " **Notice of Constitutional Question**." drawing into question the **State of Kansas Administrative Code, Agency 1 – Department of Administration – Article 7 – Probationary Period and Employee Evaluation, Kan. Admin. Reg. § 1-7-3 thru 1-7-7.**

**Referenced Papers:**

**Exhibit A:** Exhibit A - 20230509 - Craft v Townsend - US District of Kansas Complaint

**Exhibit B**: Gmail - 20230311 - Kee Summary

**Exhibit C** Craft - Summary of Meeting on March 12, 2023 - craft.kdoc@gmail

**Exhibit D** Townsend LOC

**Exhibit E** 20230410 - Craft Dismissal NCF

**Exhibit F** 20230428 - Letter from Warden Peterson DATED 4-25-2023

**Exhibit G** KAG (Defendant) Motion to Dismiss Memorandum

**Defendant Actions and Kansas Attorney General Statements Draw into question a Public Body Politic's Exercise and Application of Probationary Periods for Publicly Sworn Officers/Agents/Employees (Public Employee)**

1.  If the Public Employee as a Person and Citizen are required to execute an oath to support the Constitution for the United States and in reward receives a Position of Trust and Profit, and that Public Employee can be held personally criminally, and civilly liable for disregarding or not addressing illegal activity within government, does a probationary period put an undue burden to "get along" or "not make waves" with Co-workers, Supervisors, and other Public Employees a maintain or improve political and/or social acceptance above duty and responsibility?

2.  If a "Probationary Period" can be cited as a justifiable foundation for One to be "terminated at will." Id. (emphasis added) (citing K.S.A. 75-2946 and K.A.R. 1-7-3)." **(Exhibit F, Pg 12)** then whose "will" is the Probationary Public Employee subject or enslaved to?

3.  Is the Probationary Public Employee determined to be a subjected slave to be coerced, tortured, and humiliated by co-workers, supervisors, and administrators because of their "probationary" status as referenced in **Exhibit C**, and will "JUST TAKE IT" or the punishment will be escalated as

displayed in the Actions of ALL parties and Supported by the Attorney General's Office of Kansas?

4. How can a Permanent Public Employee who has sworn an oath to support the Constitution of the United States execute that same oath, but by arbitrary justification determine a Probationary Public Employee is an inferior Person if the Bill of Rights is derived from One's creator and those rights are inalienable?

5. Is slavery not the maintenance of a relationship between two parties where One party of lesser power is subject to the "will" of the other party with greater power to arbitrarily acknowledge or disregard basic Personal rights of dignity, respect, and protection solely upon the want or desire One or more personal "will".

6. Could a Probationary Period deprive the Public of representatives of high moral and ethical foundations because they agreed to sell their time and labor only, but will never participate in unjust or illegal behavior to compromise their Conscience or Soul?

7. Could the Probationary Period act to justify a systematic filtering process to exclude proper noble public guardians who by Personal nature will execute their duties and actions to facilitate the Public expectation of good government?

8. If individuals with Power have the ability to exercise that power at their own "will", then Laws, Statutes, Policies, and Procedures are not inherently established for the Powerful, but for those who have little power to defend and protect themselves from those who desire to do harm. How can a

Probationary Period for Public Employee do anything except usurp the Personal Rights of Protection from One who is already inferior by social and political status to those with the greatest authority and power by title, political, social status, and tenure?

**Request to Court**

The Plaintiff prays this Holy and Noble Court of the Republic of America, examine this controversy before with due diligence in wisdom and reasonable desire to ascend to a basic premise of a human's defense of personal dignity and respect, maintenance of civil and social order, peace, and harmony, and in the name of the public's beneficence reaffirm ALL Public servant guardian's equality and ability to establish healthy social and political boundaries in the exercise of mutual respect. Thereby without hesitation, declare the abominable tyrannical practice of "Probationary Periods" for Public Employees in the State of Kansas and the American Republic as a practice of injustice and slavery to be utilized only by barbarians and power mongers.

**Affidavit**

**2.** This affidavit is submitted in accordance with 28 U.S. Code § 1746 - Unsworn declarations under penalty of perjury, Plaintiff hereby declares under the penalty of perjury that the foregoing is true and correct to the best of Plaintiff's knowledge.

**Certificate of Service**

I HEREBY CERTIFY that a true copy of the foregoing will be sent to Defendants per Fed. R. Civ. P. 5(b)(2) – (A), (B)(i), or (C)

s/

COI Robert Craft
209 N Oak St
Stockton, KS 67669
Telephone: 941-270-0938
Email: craft.kdoc@gmail.com