Exhibit A

**FILED**
U.S. District Court
District of Kansas

MAY 0 9 2023

Clerk, U.S. District Court
By _____ Deputy Clerk

# UNITED STATES DISTRICT COURT
### for the
### District of Kansas

|  |  |  |
|---|---|---|
| COI Robert Craft, | ) | |
| **Petitioner,** | ) | |
| | ) | |
| v. | ) | Case No: 6:23-cv-1081-JAR-GEB |
| | ) | |
| CSI Jacob Townsend, | ) | |
| CSI John Linneman, | ) | |
| Administrator Teresa Glendening, | ) | |
| Warden Hazel Peterson, and | ) | |
| Deputy Secretary of Facilities | ) | |
| Management Joel Hrabe | ) | |
| | ) | |
| **Defendants** | | |

_____ /

---

## COMPLAINT FOR DECLARATORY AND COERCIVE RELIEF

## I.   The Parties to This Complaint

### 1. Plaintiff

**Name:** Corrections Officer I (COI) Robert Louis Craft (hereinafter Plaintiff)

**Capacity**: in the official capacity of a sworn State of Kansas Department of Corrections Public Employee/Officer/Agent

**Address:** 209 N Oak St
**City and County:** Stockton; Rooks
**State and Zip Code:** Kansas; 67669
**Phone:** 941-270-0938
**Email:** craft.kdoc@gmail.com

### 2. Defendant(s)

**Name:** Corrections Supervisor I (CSI) Jacob Townsend (hereinafter **Defendant 1**)

**Capacity**: in the official capacity of a sworn State of Kansas Department of Corrections Public Employee/Officer/Agent

Exhibit A

**FILED**
U.S. District Court
District of Kansas

MAY 0 9 2023

Clerk, U.S. District Court
By _____ Deputy Clerk

# UNITED STATES DISTRICT COURT
### for the
### District of Kansas

| | |
|---|---|
| COI Robert Craft,<br>  **Petitioner,**<br><br>v.<br><br>CSI Jacob Townsend,<br>CSI John Linneman,<br>Administrator Teresa Glendening,<br>Warden Hazel Peterson, and<br>Deputy Secretary of Facilities<br>Management Joel Hrabe<br><br>  **Defendants** | Case No:  6:23-cv-1081-JAR-GEB |

---

## COMPLAINT FOR DECLARATORY AND COERCIVE RELIEF

## I.  The Parties to This Complaint

### 1. Plaintiff

**Name:** Corrections Officer I (COI) Robert Louis Craft (hereinafter Plaintiff)

**Capacity**: in the official capacity of a sworn State of Kansas Department of Corrections Public Employee/Officer/Agent

**Address:** 209 N Oak St
**City and County:** Stockton; Rooks
**State and Zip Code:** Kansas; 67669
**Phone:** 941-270-0938
**Email:** craft.kdoc@gmail.com

### 2. Defendant(s)

**Name:** Corrections Supervisor I (CSI) Jacob Townsend (hereinafter **Defendant 1**)

**Capacity**: in the official capacity of a sworn State of Kansas Department of Corrections Public Employee/Officer/Agent

**Address:** 1215 S Cedar St
**City and County:** Stockton; Rooks
**State and Zip Code:** Kansas; 67669
**Phone:** 785-425-6745
**Email:** jacob.townsend@ks,gov


**Name:** Corrections Supervisor I (CSI) John Linneman (hereinafter **Defendant 2**)

**Capacity**: in the official capacity of a sworn State of Kansas Department of Corrections Public Employee/Officer/Agent

**Address:** 1215 S Cedar St
**City and County:** Stockton; Rooks
**State and Zip Code:** Kansas; 67669
**Phone:** 785-425-6745
**Email:** john.linneman@ks,gov


**Name:** Administrator Teresa Glendening (hereinafter **Defendant 3**)

**Capacity**: in the official capacity of a sworn State of Kansas Department of Corrections Public Employee/Officer/Agent

**Address:** 1215 S Cedar St
**City and County:** Stockton; Rooks
**State and Zip Code:** Kansas; 67669
**Phone:** 785-425-6745
**Email:** teresa.glendening@ks.gov


**Name:** Warden Hazel Peterson (hereinafter **Defendant 4**)

**Capacity**: in the official capacity of a sworn State of Kansas Department of Corrections Public Employee/Officer/Agent

**Address:** 11130 Road E4
**City and County:** Norton; Norton
**State and Zip Code:** Kansas; 67654-0546
**Phone:** 785-877-6654/785-877-3389
**Email:** hazel.peterson@ks.gov

**Address:** 1215 S Cedar St
**City and County:** Stockton; Rooks
**State and Zip Code:** Kansas; 67669
**Phone:** 785-425-6745
**Email:** jacob.townsend@ks,gov


**Name:** Corrections Supervisor I (CSI) John Linneman (hereinafter **Defendant 2**)

**Capacity**: in the official capacity of a sworn State of Kansas Department of Corrections Public Employee/Officer/Agent

**Address:** 1215 S Cedar St
**City and County:** Stockton; Rooks
**State and Zip Code:** Kansas; 67669
**Phone:** 785-425-6745
**Email:** john.linneman@ks,gov


**Name:** Administrator Teresa Glendening (hereinafter **Defendant 3**)

**Capacity**: in the official capacity of a sworn State of Kansas Department of Corrections Public Employee/Officer/Agent

**Address:** 1215 S Cedar St
**City and County:** Stockton; Rooks
**State and Zip Code:** Kansas; 67669
**Phone:** 785-425-6745
**Email:** teresa.glendening@ks.gov


**Name:** Warden Hazel Peterson (hereinafter **Defendant 4**)

**Capacity**: in the official capacity of a sworn State of Kansas Department of Corrections Public Employee/Officer/Agent

**Address:** 11130 Road E4
**City and County:** Norton; Norton
**State and Zip Code:** Kansas; 67654-0546
**Phone:** 785-877-6654/785-877-3389
**Email:** hazel.peterson@ks.gov

**Name:** Deputy Secretary of Facilities Management Joel Hrabe (hereinafter **Defendant 5**)

**Capacity**: in the official capacity of a sworn State of Kansas Department of Corrections Public Employee/Officer/Agent

**Address:** 714 SW Jackson, Suite 300
**City and County:** Topeka; Shawnee
**State and Zip Code:** Kansas; 66603
**Phone:** 785-746-7542/785-746-7596
**Email:** kdoc_facility_management@ks.gov

## II.    Basis for Jurisdiction

1. This honorable United State District Court for the District of Kansas's (hereinafter USDC DOK) power and authority is established by Article III Section I of the Constitution for the United States of America as an inferior trial Court of the Supreme Court of the United States and Section II "The judicial Power shall extend to all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States."

2. USDC DOK holds original jurisdiction as specificied in 28 USC 85 § 1331. The Plaintiff's, in the capacity of a sworn by-oath Public Employee/Officer/Agent (hereinafter Public Officer), actions were an exercise of constitutional rights. The Plaintiff's exercise of, punishment for, and deprivation of constitutional rights were in the interest of performing public duties and protecting his Person and Property from civil and/or criminal liability.

3. The Defendants (**1 and 2 and 3 and 4 and 5**) are also constitutionally sworn Public Officers with individual linear Public and Public Officer duties and responsibilities

for which they are expected to perform with reasonable expectations of good

government in the interest of public service.

4. The Plaintiff requests, based on the elemental facts regarding this controversy, this

   honorable Court acknowledge and accept original jurisdiction.

5. **Basis for jurisdiction regarding provisions of the Constitution for the United States.**
   i. **Constitution for the United States**
      1. **Preamble:** Secure the blessings of liberty
      2. **Article VII:** "all executive and judicial Officers, both of the United States and of the several States, shall be bound by Oath or Affirmation, to support this Constitution;"
      3. **Amendment I:** "respecting an establishment of religion, or prohibiting the free exercise thereof" –
      4. **Amendment I:** "abridging the freedom of speech"
      5. **Amendment I:** "petition the Government for a redress of grievances."
      6. **Amendment V:** "No person shall" (nor) "be deprived of life, liberty, or property, without due process of law"
      7. **Amendment VI:** "to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defense."

6. **Supporting Constitution of the State of Kansas Principles derived from the Constitution for the United States.**
   i. **Constitution of the State of Kansas**
      1. **Ordinance**
         a. "WHEREAS, The government of the United States is the proprietor of a large portion of the lands included in the limits of the state of Kansas as defined by this constitution;"
      2. **Preamble**
         a. "We, the people of Kansas, grateful to Almighty God for our civil and religious privileges, in order to insure the full enjoyment of our rights as American citizens"
      3. **Bill of Rights**
         a. "§ 1. Equal rights. All men are possessed of equal and inalienable natural rights, among which are life, liberty, and the pursuit of happiness"
         b. § 3. "to petition the government, or any department thereof, for the redress of grievances."
         c. § 7. Religious liberty; property qualification for public office.
            i. "The right to worship God according to the dictates of conscience shall never be infringed"

        ii.  "nor shall any control of or interference with the rights of conscience be permitted,"

    d.  § 10. "No person shall be a witness against himself, or be twice put in jeopardy for the same offense."

    e.  § 11. "All persons may freely speak, write or publish their sentiments on all subjects, being responsible for the abuse of such rights; and in all civil or criminal actions for libel, the truth may be given in evidence to the jury"

    f.  § 18. **Justice without delay.** "All persons, for injuries suffered in person, reputation or property, shall have remedy by due course of law, and justice administered without delay."

## III.    Factual Presumptions

**Petitioner**

1. The Petitioner was a Public Officer of the State of Kansas Department of Corrections as of November 28, 2022.

2. The Petitioner has a lawfully executed contract with the People of the United States of America and the People of the State of Kansas to act in an official capacity in the public interest as a Public Officer.

3. The Petitioner willfully and knowingly understands the executed aforementioned Public and Public Officer Contract with full understanding and capacity that execution bound the Petitioner in public service.

4. The Petitioner willfully and knowingly understands he is personally liable civilly and criminally for every duty, decision, and/or action at ALL times by Public expectation, award, and benefit establishing a higher standard of responsibility than a non-oath sworn Person.

5. The Petitioner willfully and knowingly understands the executed oath to "Support the Constitution of the United States[1], "in essence, converted the Petitioner's

---

[1] Kansas Statute 54-106. Form of oath to be taken by officer

Personal/Individual Constitutional Rights into Constitutional Duties to be exercised for Public Interest when necessary and proper.

6.  The Petitioner willfully and knowingly understands in the official capacity of a Public Officer has an expectant to be awarded Public Treasury Funds and Benefits for Public Service.

7.  The Petitioner willfully and knowingly understands the aforementioned executed contractual relationship between the Public and Petitioner is superior to all subsequent laws, acts, statutes, contract elements, law doctrine, legal doctrine, policies, procedures, guidelines, directives, and/or orders.

**Defendants 1 and 2 and 3 and 4 and 5**

8.  The Defendants are Employees/Officers/Agents of the State of Kansas Department of Corrections.

9.  The Defendants have a lawfully executed contract with the People of the United States of America and the People of the State of Kansas to act in an official capacity in the public interest as a Public Employee/Officer/Agent.

10. The Defendants willfully and knowingly understand the executed aforementioned Public and Public Officer Contract with full understanding and capacity that execution bound the Defendants in public service.

11. The Defendants willfully and knowingly understand they are personally liable civilly and criminally for every duty, decision, and/or action at ALL times by Public expectation, award, and benefit establishing a higher standard of responsibility than a non-oath sworn Person.

12. The Defendants willfully and knowingly understand the executed oath to "Support the Constitution of the United States[2]" in essence converted the Defendants' Personal/Individual Constitutional Rights into Constitutional Duties to be exercised for Public Interest when necessary and proper.

13. The Defendants willfully and knowingly understand in the official capacity of a Public Officer has an expectant to be awarded Public Treasury Funds and Benefits for Public Service.

14. The Defendants willfully and knowingly understand the aforementioned executed contractual relationship between the Public and the Defendants is superior to all subsequent laws, acts, statutes, contract elements, law doctrine, legal doctrine, policies, procedures, guidelines, directives, and/or orders.

15. The Defendants willfully and knowingly understand their positions are of a higher pay grade and rank in nature than the Plaintiff and therefore have a greater responsibility and public expectation to Lawfully perform ALL duties and responsibilities under the color of law.

## IV.   Statement of Claim

16. **On March 10, 2023,** Plaintiff verbally addressed another Public Officer regarding concerning behavior that was considered aggressive and of poor conduct toward the Plaintiff and Inmates at Norton Correctional Facility – East Unit (a:k:a Stockton Correctional Facility or SCF) (hereinafter NCF-EU).

---

[2] Kansas Statute 54-106. Form of oath to be taken by officer

17. The Officer refused to participate in being addressed verbally, by ending the conversation and arbitrarily dismissing the concerns being brought forward.

18. **On March 11, 2023, at 3:54 pm** the Plaintiff exercised his 1st Amendment right by emailing the Officer a Statement of Position regarding the prior events and gave the Officer an opportunity to clarify or take responsibility for the concerning behavior brought to his attention.

19. **On March 12, 2023, at approximately 4 pm,** upon the Plaintiff arriving at NCF-EU for duty, Plaintiff was summoned to the Shift Office by Defendant 1 and Defendant 2.

20. A verbal meeting took place where the Plaintiff was advised the rules do not apply while working at NCF-EU and the Plaintiff has no rights or protections as a Public Officer. The Plaintiff will keep his mouth shut and not write anything down or pursue any complaints.

21. **On March 14, 2023, at 2:56 pm** Plaintiff exercised his 1st Amendment Right and sent both Defendant 1 and Defendant 2 a summary of the elements[3] of the verbal meeting held on March 12, 2023. No clarification or response was ever provided regarding the events associated with the meeting. Defendant 1 or Defendant 2 ignored the emailed summary. Therefore without clarification or objection to the contents of the summary.

22. It is reasonable to believe, based on the subsequent actions of all Defendants, was a demonstration of the contents of the summary; therefore, Plaintiff must believe the contents and elements were, in fact, undisputed and true.

---

[3] Craft - Summary of Meeting on March 12, 2023

23. **On March 31, 2023,** Plaintiff was brought into the shift office at NCF-EU and administered an In-formal Discipline (Letter of Counseling) (hereinafter LOC) by Defendant 1.

24. The issuing of the discipline was in violation of the Plaintiffs 5th Amendment Right to Due Process, which was also supported as a reference in the KDOC IMPP 02-120D[4] "Policy Statement," declaring the purpose to "ensure each employee's right to due process."

25. The LOC was issued without a formal fact-finding investigation, skipping the first level of the discipline process, which is "coaching and feedback," and the Plaintiff was never offered a "due process[5]" hearing.

26. The LOC was sent up the chain of command seeking additional stacked discipline by Defendant 3 and Defendant 4, which is an action that violates Plaintiff's rights to protection from double jeopardy (stacked discipline) by being punished multiple times for the same infraction.

27. The Plaintiff was deprived of the right "to be heard[6]" or a chance to defend his good name from inappropriate, unsubstantiated, defamatory, and libel accusations.

28. The context of the LOC issued by Defendant 1 openly admits it was issued in retaliation for the Plaintiff exercising his 1st Amendment to speak freely, exercise his duties in addressing concerns regarding controversial behavior of Public Officers to Inmates, abridging the freedom of speech by punishment for the length of emails to limit providing detailed expressions in writing,

---

[4] KDOC IMPP 02-120D: HUMAN RESOURCES: Employee Disciplinary Procedures and Informal/Formal Actions
[5] 5th Amendment of the Constitution
[6] Kansas Administrative Regulation 1-7-7. Dismissal of probationary employee by director.

29. Defendant 1, was in a supervisory role with a higher level of power and authority over Plaintiff and was specifically exercising retaliatory, coercive, intimidating, and oppressive tactics to deprive Plaintiff of his Rights under the Color of Law.

30. **On April 6, 2023, at 6:29 PM** the Plaintiff exercised his 1st Amendment Right to Petition for redress of grievance by having Defendant 1 served by the Rooks County Sheriff's Office a Notice to Bring Suit for the administration of the LOC issued on March 31, 2023

31. In the Notice of Intent to Bring Suit, for reparation of damages, the Petitioner requested Defendant 1 rescind the LOC and provide a written Apology accepting responsibility for his previous actions that were damaging to Plaintiff's personal and Public Officer reputation. The Notice went ignored, and the retaliation and deprivation of rights escalated.

32. **On April 6, 2023, at 9:01 PM** Plaintiff sent an email to Defendant 4 requesting a conference to discuss the LOC and the elements surrounding the recent controversies. The request to confer was ignored by Defendant 4 and all other inferior Public Officers.

33. **On April 10, 2023, at approx. 12:30 PM** Plaintiff was summoned to the NCF-EU facility on his day off by Defendant 3. Upon arrival, Defendant 2 and Defendant 3 served Plaintiff a "Notice of Dismissal" executed by Defendant 4. Plaintiff turned in KDOC identification and issued handcuffs, then left the facility.

34. Notice of Dismissal did not give a cause and was administered with willful and wanton disregard of the Plaintiff's 5th Amendment right to Due Process.

35. **On April 11, 2023**, Plaintiff drove to the KDOC headquarters in Topeka, Kansas in an attempt to notify an Executive Administrator of the recent events, the deprivation of Plaintiff's rights under the color of law, and an attempt to seek some kind of fair and just resolution. Plaintiff left a message for Defendant 5 with the front desk.

36. **On April 11, 2023, at 5:54 PM** Plaintiff had an 8 min phone conversation with Defendant 5 explaining the recent events, the fact that Plaintiff has followed every policy and procedure, and has been dismissed for exercising his rights without any form of due process. Defendant 5 advised Plaintiff to write a letter to Defendant 4, and he would inquire into the situation and contact Plaintiff with follow-up. No follow-up was ever executed by Defendant 5.

37. **April 14, 2023,** Plaintiff's "Response to Dismissal" letter was delivered and signed for by the USPS.

38. The "Response to Dismissal" elements expressed the Plaintiff was deprived of a right to due process (to be heard),

39. The Plaintiff was not aware of actual policy or procedures violations leading to discipline and dismissal, and

40. Plaintiff referenced ADHD condition that Plaintiff has been extremely open and honest about. Plaintiff again requested a meeting to confer regarding the recent events. Clearly expressed an enumerated list of rights and duties that are associated with the recent associated actions of All Defendants.

41. Declaring that due to Plaintiff's Religious/Spiritual beliefs, his pledge and principles especially managing controversies and conflicts, the requirement for continuous self-

examination, and personal accountability to maintain Plaintiff's responsibility of conscience and soul.

42. The Plaintiff was specific to the following Religious Principles; "do to others as you would have them do to you." (Mathew 7:12; Luke 6:31); assertion of "rights in defense responses should it be necessary and proper"; "not idly stand by or turn a blind eye to unethical or immoral behavior, especially on inmates who are not trained and cannot defend themselves for which I am sworn to be personally responsible." both civilly and criminally; "A Person can only be King of their own Soul, and we are not responsible for what happens to us but are responsible for how we respond." And "in the name of Justice alone I will be forced to proceed in seeking reconciliation to "render therefore to all their due" (Romans 13:7 KJV 1611) in bringing chaos into order."

43. Plaintiff (hereinafter I)" agreed to sell my time and labor. I did not negotiate my conscience or soul, nor did I agree to relinquish any rights or protections afforded by my creator as I understand it, my Bill of Rights, or any other applicable subsequent legislative doctrine which has come into law, act, statute, policy or procedure; therefore, I retain and reserve all rights and privileges."

44. **On April 16, 2023, at 11:05 AM** Plaintiff emailed Defendant 5 an update and a copy of the "Response to Dismissal" delivered to Defendant 4. Plaintiff has received no correspondence and believes. Defendant 5 has chosen the action of disregard as his formal response.

45. **April 20, 2023, at 1:23 PM** Plaintiff emailed NCF Human Resources requesting a copy of his personnel file. Plaintiff's request went ignored.

46. **April 28, 2023, at 11:19 AM** Plaintiff again emailed NCF Human Resources requesting a copy of his personnel file. Plaintiff's request has gone ignored.

47. **April 28, 2023, at 1:06 PM** Plaintiff received a letter by USPS from Defendant 4 that Plaintiff's Response to Dismissal from April 14, 2023 was received, Plaintiff was dismissed under K.A.R. 1-7-3 "Any probationary employee," "may be dismissed by the appointing authority any time during the probationary period."

48. The letter does not provide a cause, nor does it address the repeated notices of failure to adhere to Plaintiff's 5th Amendment Rights of due process.

49. Defendant 4's interpretation and application of K.A.R. 1-7-3[7] is inappropriate as the regulation only declares the power to do an act of dismissal, but K.A.R. 1-7-7[8] and KDOC IMPP 02-120D[9] declare the limitations and prerequisites prior to dismissal specifically acknowledging Plaintiff's 5th Amendment right to be heard (due process) prior to discipline and/or dismissal even on Probation.

50. Defendant 4 cherry-picked a cited expression for which has no application and, together with all other responsible participating parties, refused to act in due regard, but proceeded with reckless disregard for constitutional rights and protections.

51. Plaintiff believes it is reasonable to conclude, based on Defendant 1 and Defendant 2's expressions and commands in the verbal meeting on March 12, 2023 (Enumeration 20) plus all other associated actions of each Defendant, coercion, intimidation, willful and wanton reckless disregard of rights and law, negligence,

---

[7] 1-7-3. Probationary period required.
[8] Kansas Administrative Regulation 1-7-7. Dismissal of probationary employee by director
[9] KDOC IMPP 02-120D: HUMAN RESOURCES: Employee Disciplinary Procedures
and Informal/Formal Actions

malfeasance, conspiracy, and collusive behavior under the color of law has been standard practice in the conduction and application of the associated Public Officers.

52. Plaintiff believes that a government of good People will be good, and a government of bad People will be bad; therefore, it is the Public Officers who are met with controversies that must act as guardians of the People and exercise their Constitutional Duties.

## V. Claims against Defendants

53. Defendant 1:

    **a. March 12, 2023:**

        i. Interference in 5th Amendment Right to Liberty of Contract between the Public and Plaintiff.

        ii. retaliation in an attempt to deprive Plaintiff of Exercising 1st Amendment right under the color of law by using tactics of subjugation, coercion, intimidation, and collusion with Defendant 2.

        iii. Conspiracy to Deprive Plaintiff of 1st and 5th Amendment right under color of law

    **b. March 31, 2023**

        i. retaliation in an attempt to deprive Plaintiff of Exercising 1st Amendment right under the color of law by using tactics of subjugation, coercion, and intimidation.

        ii. deprive Plaintiff of Exercising 5th Amendment right under the color of law issuing discipline disregarding right to due process.

   iii. Interference in 5th Amendment Right to Liberty of Contract between the Public and Plaintiff

54. Defendant 2:

  **a. March 12, 2023**

    i. Interference in 5th Amendment Right to Liberty of Contract between the Public and Plaintiff.

    ii. retaliation in an attempt to deprive Plaintiff of Exercising 1st Amendment right under the color of law by using tactics of subjugation, coercion, intimidation, and collusion with Defendant 2.

    iii. Conspiracy to Deprive Plaintiff of 1st and 5th Amendment right under color of law

  **b. April 10, 2023**

    i. Conspiracy to Deprive Plaintiff of 1st and 5th Amendment right under color of law with Defendant 3 and Defendant 4.

    ii. retaliation in an attempt to deprive Plaintiff of Exercising 1st Amendment right under the color of law

    iii. Interference in 5th Amendment Right to Liberty of Contract between the Public and Plaintiff.

55. Defendant 3:

  **a. April 10, 2023**

    i. Conspiracy to Deprive Plaintiff of 1st and 5th Amendment right under color of law with Defendant 2 and Defendant 4.

       ii.    retaliation in an attempt to deprive Plaintiff of Exercising 1st Amendment right under the color of law Interference in 5th Amendment Right to Liberty of Contract between the Public and Plaintiff.

56. Defendant 4:

    **a.  April 10, 2023**

       i.    Conspiracy to Deprive Plaintiff of 1st and 5th Amendment right under color of law with Defendant 2 and Defendant 3.

       ii.    retaliation in an attempt to deprive Plaintiff of Exercising 1st Amendment right under the color of law

       iii.    Interference in 5th Amendment Right to Liberty of Contract between the Public and Plaintiff.

    **b.  April 24, 2023**

       i.    retaliation in an attempt to deprive Plaintiff of Exercising 1st Amendment right under the color of law

       ii.    Interference in 5th Amendment Right to Liberty of Contract between the Public and Plaintiff.

       iii.

57. Defendant 5:

    a.  **April 11, 2023**

       i.    Conspiracy to Deprive Plaintiff of 1st and 5th Amendment right under color of law with Defendant 4

      ii.    Interference in 5th Amendment Right to Liberty of Contract between the Public and Plaintiff.

  **b. April 16, 2023**

      i.    Conspiracy to Deprive Plaintiff of 1st and 5th Amendment right under color of law with Defendant 2 and Defendant 3.

      ii.    retaliation in an attempt to deprive Plaintiff of Exercising 1st Amendment right under the color of law

      iii.    deprive Plaintiff of Exercising 5th Amendment right under the color of law by issuing discipline disregarding the right to due process.

      iv.    Interference in 5th Amendment Right to Liberty of Contract between the Public and Plaintiff.

**VI.   Relief**

**48. Declaratory Judgement of Fact**

1. A superior contract does, in fact, exist between the Public and Plaintiff

2. The Public and Plaintiff's contract in essence, converts the Plaintiff's Constitutional Rights to Constitutional Duties.

3. The Public has an interest and expectation to the application and adherence of Person/Individual Rights of ALL Public Officers (Federal, State, and Local) to exercise their Constitutional Rights when necessary and proper in the interest of the Public.

4. The Public and Public Officer superior contract does bestow Public Officer's with a property right to that union.

5.  Public Officers are awarded public treasury funds and benefits for continuous fulfillment of expectations of duties and responsibility under the color of law.

6.  A Public Officer's oath to "support the Constitution of the United States"[10] and public treasury awards and benefits bestows a higher expectation on All Public Officers (Federal, State, and Local) as opposed to non-sworn Persons.

7.  All collectively bargained and/or individual employment contracts for public service assignments (Federal, State, and/or Local) are considered inferior and subject to the superior executed Public and Public Officer contract expectations and responsibilities.

8.  There is a controversy that exists between the Plaintiff and the Defendants

9.  The Plaintiff does have cause to bring Judicial action against the Defendants

10. The Plaintiff was Deprived of Constitutional Rights by Defendants under the color of law.

11. The Defendants' actions did interfere in Plaintiff's 5th Amendment right to Liberty of Contract.

12. The Defendants' actions were conducted with willful and wanton disregard for duties and responsibilities as Public Officers'.

13. The Defendants' actions were done with malice against Plaintiff.

---

[10] Kansas State Statute 54-106. Form of oath to be taken by officer.

## 49. Coercive Remedy

1. The Public is concerned enough regarding the Defendants' actions to issue a Declaration of Fact that each Defendant does not have or refuses to fulfill the duties and responsibilities of a Public Officer in Good service to the Public interest; therefore, the Defendants' are declared incapacitated until such time as a subsequent Jury renders each Defendant as redeemed and has been found again worthy of Public Trust.

2. The Public and Plaintiff union shall be reconstituted, and all previously deprived and currently due public treasury awards and benefits shall be immediately dispursed in perpetuity until such time as they are no longer due under the color of law.

## VII.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

**Certificate of Service**

I HEREBY CERTIFY that a true copy of the foregoing will be served in

accordance with **FEDERAL RULES OF CIVIL PROCEDURE Rule 5 Serving and**

**Filing Pleadings and Other Papers.**

Robert Louis Craft
(Pro Se Petitioner)
209 N Oak St
Stockton, KS 67669
941-270-0938
craft.kdoc@gmail.com

Plaintiff Designates Witchita, Ks as location for trial.