IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **ROBERT CRAFT,** | ) |
| | ) |
|         **Plaintiff,** | ) |
| | ) |
| v. | )   Case. No. 23-1081-JAR-GEB |
| | ) |
| **JACOB TOWNSEND,** *et al.,* | ) |
| | ) |
|         **Defendants.** | ) |
| | ) |

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTIONS FOR PREJUDGMENT GARNISHMENT**

Defendants Jacob Townsend, John Linneman, Teresa Glendening, Hazel Peterson and Joel Hrabe ("Defendants") submit this response in opposition to Plaintiff Robert Craft's Motion for Emergency Provisional Remedy (Doc. 10) and Request for Hearing on Plaintiff's Motion for Emergency Provisional Remedy (Doc. 15) (collectively, "Motions"). Defendants respectfully request that the Court deny these Motions. Defendants state the following in support.

As argued herein, prejudgment garnishment is not available in Kansas against the state, against state agencies, or against the wages of state employees. Craft does not explain his legal theory but requests that the Court "execute a Provisional Remedy of Garnishment to the Kansas Department of Corrections for the dispersal of all Plaintiff-deprived Public Treasury Awards and Benefits and command all subsequent awards and benefits continue accordingly as though the Plaintiff was physically fulfilling has [sic] standard duties until such time as a final order or mutual agreement can be attained regarding this controversy." (Doc. 10 at ¶ 14.) And Craft requests a hearing on the issue. (Doc. 15 at ¶ 3.)

But garnishment is only available to a plaintiff to the extent that state law or federal statutes provide. Fed. R. Civ. P. 64(a); *see also FDIC v. Antonio*, 843 F.2d 1311, 1314 (10th Cir.

1988). Craft has not identified any federal statutes that might apply in this situation and Defendants are not aware of any. Under Kansas law, garnishment is prohibited against the state or against state agencies such as the Kansas Department of Corrections (KDOC). K.S.A. 60-723(d). Craft clearly seeks money from the state as he has sued the Defendants in their official capacities[1] (Doc. 1 at 1-3; *see also* Doc. 10 at ¶ 2), his Complaint requests "public treasury awards and benefits" (Doc. 1 at 19), and his current Motions request "Public Treasury Awards and Benefits" (Doc. 10 at ¶ 14).

Even if Craft had sued Defendants in their individual capacities and sought garnishment of their individual wages, prejudgment garnishment of wages is prohibited in Kansas. K.S.A. 60-730.[2] And even if it was allowed, Craft has not followed the required procedure and has made no showing as required supporting any of the enumerated legal grounds for garnishment. K.S.A. 60-730, -703, -701.

If Craft is attempting to garnish his own wages, that would also fail because he has no active wages to be garnished. And it is axiomatic that a person cannot sue themselves, so he would not be able to garnish his own wages regardless.

Therefore, Craft is not entitled to prejudgment garnishment in this case, whether against the state, against a state agency such as KDOC, against state employees, or against himself. Craft has not provided even an arguable claim for such an extraordinary remedy as prejudgment

---

[1] Legally, "a suit against a state official in his or her official capacity is not a suit against the official but rather is . . . no different from a suit against the State itself." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).
[2] Although Kansas may have waived immunity with regard to garnishment of employee wages in some circumstances, K.S.A. 60-723(a)-(c), it has not done so with regard to prejudgment garnishment.

garnishment[3] and has provided no legal authority in support, so no hearing is merited on this issue. For these reasons, Defendants respectfully request that the Court deny Craft's Motions.

    Respectfully submitted,

    OFFICE OF ATTORNEY GENERAL
    KRIS W. KOBACH

    */s/ Matthew L. Shoger*
    Matthew L. Shoger, KS No. 28151
    Assistant Attorney General
    120 SW 10th Avenue, 2nd Floor
    Topeka, Kansas 66612-1597
    matt.shoger@ag.ks.gov
    (785) 296-2215
    Fax: (785) 291-3767
    *Attorney for the Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of June, 2023, the foregoing document was filed with the clerk of the court by using the CM/ECF system, which will send notice of electronic filing to the following:

Robert Craft
209 N. Oak Street
Stockton, KS 67669
craft.kdoc@gmail.com
*Plaintiff, pro se*

    */s/ Matthew L. Shoger*
    Matthew L. Shoger
    Assistant Attorney General

---

[3] *See Nelson v. Thornberg*, 504 F. Supp. 199, 202 (D. Kan. 1980) (referring to prejudgment garnishment as an extraordinary remedy).