**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **ROBERT CRAFT,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case. No. 23-1081-JAR-GEB** |
| | ) | |
| **JACOB TOWNSEND,** *et al.,* | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION**
**TO DISQUALIFY COUNSEL**

Defendants Jacob Townsend, John Linneman, Teresa Glendening, Hazel Peterson and Joel Hrabe ("Defendants") submit this response in opposition to Plaintiff Robert Craft's Application for Temporary Restraining Order and Motion for Preliminary Injunction (Doc. 16) ("Motion"). Defendants respectfully request that the Court deny this Motion. Defendants state the following in support.

**I.**   **The Motion should be interpreted as a motion to disqualify counsel.**

The Court has authority to interpret a filing differently than the way it is titled by the filer:

> Federal courts sometimes will ignore the legal label that a *pro se* litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category. They may do so in order to . . . create a better correspondence between the substance of a *pro se* motion's claim and its underlying legal basis.

*Castro v. United States*, 540 U.S. 375, 381-82 (2003) (citations omitted). Here, rather than truly requesting injunctive relief, Craft appears to be requesting that this Court disqualify the Defendants' counsel due to an alleged conflict of interest (*see* Doc. 16 at ¶ 12; Doc. 14 at ¶¶ 18-27), so Craft's Motion should be construed as a motion to disqualify counsel.

## II. Defendants' counsel should not be disqualified because no conflict of interest exists here under the law.

As this Court has stated:

> Two sources inform whether a district court should disqualify an attorney. "First, attorneys are bound by the local rules of the court in which they appear. Second, because motions to disqualify counsel in federal proceedings are substantive motions affecting the rights of the parties, they are decided by applying standards developed under federal law."[1]

The Court's local rules incorporate the Kansas Rules of Professional Conduct. D. Kan. Rule 83.6.1(a). And federal law essentially incorporates the American Bar Association's Model Rules of Professional Conduct, upon which the Kansas Rules of Professional Conduct are based. *Cole v. Ruidoso Mun. Schs.*, 43 F.3d 1373, 1383 (10th Cir. 1994) (citing *In re Dresser Indus., Inc.*, 972 F.2d 540, 543 (5th Cir. 1992)) ("motions to disqualify are governed by the ethical rules announced by the national profession"); *see also Dresser*, 972 F.2d at 543 ("Our source for the standards of the profession has been the canons of ethics developed by the American Bar Association."). "The Court has the power to disqualify counsel at its discretion based upon these professional standards of ethics."[2]

Here, Craft has not pointed to any legal authority under either set of rules to support his allegations of a conflict of interest requiring disqualification of Defendants' counsel.

To the contrary, the attorney general's office has a statutory duty to represent the state government and its interests in court. K.S.A. 75-702.[3] Legally, "a suit against a state official in

---

[1] *Walker v. Newman Univ., Inc.*, No. 19-2005-DDC-TJJ, 2019 WL 2268971, at *2 (D. Kan. May 28, 2019) (quoting *United States v. Stiger*, 413 F.3d 1185, 1195 (10th Cir. 2005), *abrogated on other grounds by Alleyne v. United States*, 570 U.S. 99, 103 (2013), *as recognized in United States v. Ellis*, 868 F.3d 1155, 1177 (10th Cir. 2017)).

[2] *Walker*, 2019 WL 2268971, at *2.

[3] This statute has been amended, pending publication of the new, amended version, but the relevant part has not been affected. L. 2023, ch. 94, §§ 7, 9 (amending K.S.A. 75-702 effective

his or her official capacity is not a suit against the official but rather is . . . no different from a suit against the State itself." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). The attorney general also has a statutory duty to represent, when requested to do so, an employee of the state government "in such employee's official or individual capacity or both" to "[p]rovide for the defense of any civil action or proceeding against such employee." K.S.A. 75-6108(a)(1), (e); *see also* K.S.A. 75-6116(a)(1). A claim for damages against a state employee for "for injury or damage proximately caused by an act or omission of an employee while acting within the scope of his or her employment" is effectively a claim against the state treasury, even when suing the employee in their individual capacity. *See* K.S.A. 75-6109 (indemnification of employees by the state); K.S.A. 75-6103(a) (liability of the state for acts or omissions of employees); K.S.A. 75-6107 (treating suits against the state and against state employees as the same for purposes of preclusion). Not only is that true, but here Craft literally requests money from the state treasury. (Doc. 1 at 19 (requesting "public treasury awards and benefits").)

Although Craft alleges in a conclusory manner that the Office of the Attorney General "must act" on his behalf (Doc. 14 at ¶ 18) and must "Investigate . . . the accusations brought before this Court" (Doc. 14 at ¶ 26) because of "investigative duties and responsibilities under the Law" (Doc. 14 at ¶ 27), he cites no legal authority to support these fanciful allegations. And no such duties exist. So Craft has not demonstrated any interests that genuinely conflict with the clear legal duty of Defendants' counsel to defend the Defendants in this case. Therefore, because no conflict of interest actually exists, the Court should deny the Motion.

---

upon "publication in the statute book"); *see also* Kan. Legis. Rsch. Dep't, Legislative Procedure in Kansas, 38 (2006), http://www.kslegislature.org/li/s/pdf/kansas_legislative_procedure.pdf ("'publication in the statute book' . . . means publication in the 'Session Laws' which are published after each session of the Legislature, usually on July 1").

**III.**   **Alternatively, Craft cannot receive injunctive relief that strays from the underlying claims and the requested permanent relief in the Complaint.**

If the Court were to construe Craft's Motion as a request for a preliminary injunction, he has not met the grounds for a preliminary injunction. "[T]he limited purpose of a preliminary injunction 'is merely to preserve the relative positions of the parties until a trial on the merits can be held.'" *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005) (quoting *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981)). Accordingly, "[a] preliminary injunction is appropriate to grant intermediate relief of the same character as that which may be granted finally." *Hicks v. Jones*, 332 F. App'x 505, 508 (10th Cir. 2009) (quoting *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945)). The movant for a preliminary injunction "must establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010). When a motion for injunctive relief strays from the underlying claims and the character of the requested relief in the complaint, the motion should be denied. *Hicks*, 332 F. App'x at 508 (quoting *De Beers*, 325 U.S. at 220) ("The district court did not abuse its discretion in denying a preliminary injunction or TRO [when the plaintiff] sought relief on 'a matter lying wholly outside the issues in his suit.'")

Here, the Complaint did not make any claims against the Office of the Attorney General or request any remedies against the Office of the Attorney General, so Craft cannot receive a preliminary injunction or a TRO against the Office of the Attorney General. Therefore, because Craft's request for injunctive relief strays from the underlying claims and the requested permanent relief in the Complaint, the Court should deny the Motion.

## CONCLUSION

For these reasons, Defendants respectfully request that the Court deny Craft's Motion.

4

Respectfully submitted,

OFFICE OF ATTORNEY GENERAL
KRIS W. KOBACH

*/s/ Matthew L. Shoger*
Matthew L. Shoger, KS No. 28151
Assistant Attorney General
120 SW 10th Avenue, 2nd Floor
Topeka, Kansas 66612-1597
matt.shoger@ag.ks.gov
(785) 296-2215
Fax: (785) 291-3767
*Attorney for the Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of June, 2023, the foregoing document was filed with the clerk of the court by using the CM/ECF system, which will send notice of electronic filing to the following:

Robert Craft
209 N. Oak Street
Stockton, KS 67669
craft.kdoc@gmail.com
*Plaintiff, pro se*

*/s/ Matthew L. Shoger*
Matthew L. Shoger
Assistant Attorney General