# UNITED STATES DISTRICT COURT

for the

District of Kansas

COI Robert Craft,                                  )
       **Plaintiff,**                                )
                                                   )
v.                                                 )   Case No: 6:23-cv-01081-JAR-
                                                   )   GEB
CSI Jacob Townsend, et al                          )
                                                   )
    **Defendants**                               )   **PLAINTIFF'S RESPONSE TO SPECIFIC CLAIMS**
_____/                   )   **AND ASSERTIONS IN DEFENDANTS'**
                                                   )   **DEFENSIVE MEMORANDUM (DOC 20) AND**
                                                   )   **REQUEST TO COURT**
                                                   )
                                                   )
                                                   )

_____

Plaintiff, with the utmost humbleness and humility, brings forth this "

**PLAINTIFF'S RESPONSE TO SPECIFIC CLAIMS AND ASSERTIONS IN**

**DEFENDANTS' DEFENSIVE MEMORANDUM (DOC 20) AND REQUEST TO**

**COURT**" with noble intent and due regard to unshackle the binders on the Court

to expedite the process toward a fair and just conclusion of this proceedings.

**Section I - Plaintiff Statement of Position**

   1.  The Plaintiff believes each Defendant and the Attorney General of Kansas

      (hereinafter Defendants) made a request to the U.S. District Court, District of

      Kansas, asserting this case and controversy should be dismissed under Fed.

      R. Civ. P. Rule 12(b)(1) and Fed. R. Civ P. Rule 12(b)(6).

34   2. In Response, Plaintiff intends to address three key factors that have been

35       asserted by Each Defendant through their chosen representation the Office of

36       the Attorney General of Kansas that appear to be pivotal presumptive

37       premises for the Defendants. The Plaintiff believes these assertions and

38       claims have now forced an additional undue burden to make additional

39       arguments for Defendant's frivolous attempts to deprive a rendering of

40       Determined Facts and speedy justice.

41   3. The process for justice has come to a complete stop to determine if the Court

42       has the ability to make a ruling, on an arbitrary assertion by the Defendant

43       with nothing to support the claim and no alternative options for a more

44       appropriate venue when a case and "Controversy in Fact" exist and has never

45       been disputed.

46   4. The Plaintiff opines the following three factors will unbind the Court's

47       shackles, showing the Defendants assertions are not based on any form of

48       fact and the Defendants' actions nullify any assertion to their arguments. The

49       Plaintiff believes the Defendants and specifically the Office of the Attorney

50       General were fully aware of these key points before making a defense.

51

52

53   **Section II Key Points to be Addressed**

54

55   5. The Defendant's claim to the Court's "Lack of Subject-Matter Jurisdiction;"

56   6. The Defendants claim they were summoned in an "Official Capacity".

57  7. The Defendant's claim to immunity under the 11th Amendment, attempts to

58     portray the Defendants as the State of Kansas, a Corporation, or a Seat of

59     Government.

60  8. The Plaintiff intends to make an argument in opposition through the

61     Plaintiff's performed actions and relative Facts to support the Plaintiff's

62     position the Nature of the Suit was intentional, this District Court was

63     specifically selected, with a specific intent, for a specific purpose, and the

64     Defendants were actually aware of these key factual points when submitting

65     their Defense.

66

67  **Section II - Plaintiff Preservation of Right to Estoppel Alterations or**

68  **Deviations from each Defendant's unified and Declared Defenses**

69

70  9. Plaintiff Preserves the right to estoppel any changes and alterations to the

71     Defendants' declared defensive position going forward, as Defendants have

72     taken no action to Preserve or bring forth claims of improper service

73     therefore they have consented to waiver the right to argue that issue.

74

75  10. The Defendants have never attempted to exercise any action to seek

76      clarification directly with Plaintiff, nor have they attempted to seek a more

77      defined statement before entering a Defense that included matters of Lack of

78      Subject-Matter Jurisdiction, Defendants in an Official Capacity, or the

79      Defendants classified as a State or Corporation.

80

81      11. The Defendants were made aware and acknowledged of the Plaintiff's

82          presumption of representation by the Attorney General's Office of Kansas

83          which is believed to be Inappropriate and a Conflict of Interest, but no

84          voluntary change in representative counsel was acted upon by the

85          Defendants.

86

87      12. The Defendants, have sounded off in synchronism unison thru the Attorney

88          General their Declaration of reasoning for their actions, and should **NOT** be

89          allowed to modify, alter, or retract any part to their Defensive Positions.

90

91      13. There are additional numerous claims and presumptions the Defendants

92          have expressed that need not be addressed at this time for the sake of

93          exhausting the Courts resources, but support the Plaintiff's request to

94          Estoppel changes in the Defendant's Defenses.

95

96      **Section III: Defendants claim to the Court Lack of Subject-Matter**

97      **Jurisdiction**

98

99      **In Reference to Defendant:**

100     1. MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS (Doc

101         20),

102         1.1.    Pg 3,

103             1.1.1. ARGUMENTS AND AUTHORITIES

104            1.1.1.1.  "Standard on Motion to Dismiss for Lack of Subject-Matter

105                   Jurisdiction"

106

107      *"Under Federal Rule of Civil Procedure 12(b)(1), a defendant may move to dismiss*

108      *claims for lack of subject-matter jurisdiction. McCoy, as the party invoking the*

109      *Court's jurisdiction, bears the burden of showing its existence. Kline v. Biles, 861*

110      *F.3d 1177, 1180 (10th Cir. 2017) (quoting Kokkonen v. Guardian Life Ins. Co. of*

111      *Am., 511 U.S. 375, 377 (1994)). "A court lacking jurisdiction cannot render*

112      *judgment but must dismiss the cause at any stage of the proceedings in which it*

113      *becomes apparent that jurisdiction is lacking." Siloam Springs Hotel, L.L.C. v.*

114      *Century Sur. Co., 906 F.3d 926, 931 (10th Cir. 2018)"*

115

116   2. MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS,

117      2.1.       Pg 1,

118        2.1.1. NATURE OF THE CASE

119          2.1.1.1.  Pg 1

120            2.1.1.1.1.    Line 8-10

121

122      *"The KDOC Defendants now file their Motion to Dismiss. Craft's claims for*

123      *monetary and declaratory relief should be dismissed for lack of subject-matter*

124      *jurisdiction due to Eleventh Amendment immunity."*

125

126           *"Once effectively asserted, Eleventh Amendment immunity constitutes a bar to*

127           *the exercise of federal subject matter jurisdiction. Williams, 928 F.3d at*

128           *1212."*

129

130

131     **Plaintiff response,**

132     14. The Federal District Court Original Jurisdiction has been established by the

133           Plaintiff in Language, as The Plaintiff now conveys in this Civil Action, the

134           Claims of these Congressional Acts of the First Congress that were Ratified

135           and became the Bill of Rights that are in Fact Rights of Action. The Plaintiff

136           connects the vehicle necessary to establish the United States Federal Courts

137           (hereinafter The Court) had, has, and shall have Original Jurisdiction to make

138           rulings over this case and controversy through the Constitution Articles I thru

139           VII to the Bill of Rights and per **28 U.S.C. 1331- Federal Question**[1] and **28**

140           **USC. 1343 Civil rights and elective franchise**[2,3].

141

---

[1] **28 U.S. Code § 1331 - Federal question: "**Words "all civil actions" were substituted for "all suits of a civil nature, at common law or in equity" to conform with Rule 2 of the Federal Rules of Civil Procedure."
https://www.law.cornell.edu/uscode/text/28/1331
[2] **Adams v. Demopolis City Schs., 592 F. Supp. 3d 1049, 1056 (S.D. Ala. 2022)** "This Court has subject matter jurisdiction over the claims in this action pursuant to 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1343(a)(3) (civil rights and elective franchise)."
[3] **28 USC 1343: Civil rights and elective franchise:** (a) The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person: (3) **To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States** or **by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States;** (4) **to secure equitable** or other relief under any Act of Congress providing for the protection of civil rights, including the right to vote.

142       15.The Plaintiff asserts the Claim of Right of Action under the Bill of Rights in to

143          honor and support the Defendant's rights of "due process[4]" for which my

144          "Oath" has bound me as an American Citizen and "Law Enforcement Officer[5]"

145          in joinder to my Individual Philosophical and Spiritual Requirements and

146          Personal "Oath[6]" to Serve the Creator is believed to be One and the same.

147

148       16.To fulfill those duties and responsibilities privileged by the Public, the Plaintiff

149          seeks Declaratory Judgement to have the "Facts determined in Trial by Jury"

150          as an Action per the Seventh Amendment.

151

152       17.The Plaintiff asserts Ones ability to exercise the Bill of Rights especially when

153          in an Officer position of Trust or Profit is specifically what the Bill of Rights

154          was designed for. How could a Public Officer who is an Individual Person ever

155          apply the duties and responsibilities of their sworn "oath" unless they are

156          facilitated by the Federal Court to exercise the very same contents of the Bill of

157          Rights? The "Oath" does not suddenly limit an Individual Person's Bill of

---

[4] **U.S. Constitution Annotated,Deprivations of Property, Amdt5.4.4.2.2 Deprivations of Property**: "As noted previously, the advent of this new doctrine can be seen in Goldberg v. Kelly, 397 U.S. 254 (1970) in which the Court held that, because termination of welfare assistance may deprive an eligible recipient of the means of livelihood, the government must provide a pre-termination evidentiary hearing at which an initial determination of the validity of the dispensing agency's grounds for termination may be made. In order to reach this conclusion, the Court found that such benefits "are a matter of statutory entitlement for persons qualified to receive them." 397 U.S. at 261–62. See also Mathews v. Eldridge, 424 U.S. 319 (1976) (Social Security benefits) Thus, where the loss or reduction of a benefit or privilege was conditioned upon specified grounds, it was found that the recipient had a property interest entitling him to proper procedure before termination or revocation."

[5] **Defendant Memorandum (Doc 20):** "corrections officers employed by the KDOC are law enforcement officers"

[6] **A Constitution for the Assembly of Robert Louis Craft:** "I, sound the trumpet of the Declaration of Oath to pledge my Life in the Truth of Law, my Property in Equity, and My Everlasting Soul to honor the Omnipotent Creator of ALL (GOD)."

158        Rights[7], but adds a debt to the very same Bill of Rights[8] to be used in the

159        performance of duty and responsibility specifically in situations surrounding

160        this case and controversy.

161

162    18. The Plaintiff asserts the Federal Court's vehicle conveying Original Jurisdiction

163        is located within the Language of the Plaintiff's complaint. The Plaintiff's

164        assertions and opinions are brought before this court to be examined, debated,

165        deliberated, and in prayer consecrated to be a Fact thru Trial by Jury.

166

167    19. The Plaintiff is seeking Declaratory Judgements regarding the following

168        presumptive premises surrounding this case and controversy that are specific

169        to A Individual Person's Oath to "Support the Constitution for the United

170        States" and the Promissory relationship that binds that Individual Person and

171        Citizen bestowed thru continued Public consent to a position of "Trust" or

172        "Profit" for duties and responsibilities of performance under the color of law.

173

174    20. A Person cannot become an Officer or hold an Office without the continued

175        consent of the People, which means the People are the Only Political Body able

---

[7] **Verlo v. Martinez, 820 F.3d 1113, 1127 (10th Cir. 2016):** "it is always in the public interest to prevent the violation of a party's constitutional rights."

[8] **Perdue v. Kemp, 584 F. Supp. 3d 1310, 1327 (N.D. Ga. 2022):** "The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." Elrod v. Burns, 427 U.S. 347, 373, 96 S.Ct. 2673, 49 L.Ed.2d 547 (1976) ; see also Cate v. Oldham, 707 F.2d 1176, 1188 (11th Cir. 1983) ("[V]iolations of first amendment rights constitute per se irreparable injury"). "The rationale behind these decisions is that chilled free speech ..., because of its intangible nature, could not be compensated for by monetary damages; in other words, plaintiffs could not be made whole." Scott v. Roberts, 612 F.3d 1279, 1295 (11th Cir. 2010)

176          to remove the consent of privilege to swear an "Oath" from the Person above

177          the status of an Officer in the Office.

178

179    21.The Plaintiff asserts the questions to be brought before the Court are in nature

180          Federal Questions as they regard the relationship with the People and the

181          Person's they consent to act in Public interest and maintain their Individual

182          Political Rights only with the Peoples' continued consent. Should the People be

183          made aware of the poor behavior of those who fill Official stations with massive

184          amounts of power and authority and are not performing "under the color of

185          law" whether those intentions are intellectual ability or purposeful intent, the

186          People assembled in a jury, should have the opportunity to render a verdict for

187          actions, behaviors, and failure to exercise due regard. It would be ridiculous to

188          assume the formal mechanism of government has the ability to address all the

189          bad actors within the Republic, and it would not be unreasonable for a Citizen

190          to make a Federal Claim[9] to address these issues Individually. Just as actions

191          like this are consented to by Congress for the same reasons through numerous

192          Congressional Acts.

193

194

195    3.  U.S. Code(s):

---

[9]  **Etherton v. City of Rainsville, No. CV-14-BE-1832-M, at \*22 (N.D. Ala. Oct. 19, 2015):** As to the federal claims raising the breach of Oaths of Office, the court is aware of no authority supporting a federal private cause of action for a state official's action contrary to his Oath of Office, unless that action otherwise violated a statute affording the plaintiff a private right of action or violated the plaintiff's constitutional rights forming the basis

196  3.1.  §1331. Federal question(s) required to Determine and Declare the
197  Facts the Plaintiff believes to be true.

198  3.1.1. A superior contract does, in fact, exist between the Public and
199  Plaintiff.

200  3.1.2. The Public and Plaintiffs contract, in essence, converts the Plaintiff's
201  Constitutional Rights to Constitutional Duties.

202  3.1.3. The Public has an interest and expectation to the application and
203  adherence of Person/Individual Rights of ALL Public Officers (Federal,
204  State, and Local) to exercise their Constitutional Rights when necessary
205  and proper in the interest of the Public.

206  3.1.4. The Public and Public Officer superior contract does bestow Public
207  Officer's with a property right to that union.

208  3.1.5. A Public Officer's oath to "support the Constitution of the United
209  States and public treasury awards and benefits bestows a higher
210  expectation on All Public Officers (Federal, State, and Local) as opposed
211  to non-sworn Persons.

212  3.1.6. All collectively bargained and/or individual employment contracts for
213  public service assignments (Federal, State, and/or Local) are considered
214  inferior and subject to the superior executed Public and Public Officer
215  contract expectations and responsibilities.

216  3.1.7. The Public is concerned enough regarding the Defendants' actions to
217  issue a Declaration of Fact that each Defendant does not have or
218  refuses to fulfill the duties and responsibilities of a Public Officer in
219  Good service to the Public interest; therefore, the Defendants' are

220          declared incapacitated until such time as a subsequent Jury renders

221          each Defendant as redeemed and has been found again worthy of

222          Public Trust.

223

**Addition Supporting Thoughts**

224

225     22.the relationship established between the Public and the Individual Person's

226        promise of "Oath[10]"

227     23.The duties and responsibilities bestowed by the "Oath." and elements

228        surrounding the "Oath"

229     24.each Defendants behavior as Persons in the Capacity of an Individual that

230        executed the "Oath"

231     25.The Plaintiff brings to the Courts attention the "Oath" is not only referenced

232        in the Constitution but was so important to the founding of the American

233        Republic it was the first order of business by the First Congress[11] in the

234        First Session of the United States Congress to pass the Act for

235        administration and consequences of "Oath[12]".

---

[10]   **Hellwege v. Tampa Family Health Ctrs., 103 F. Supp. 3d 1303, 1310-11 (M.D. Fla. 2015):** "unless [ ] congressional intent can be inferred from the language of the statute, the statutory structure, or some other source, the essential predicate for implication of a private remedy simply does not exist. In Sandoval, the Court crystalized that "[t]he judicial task is to interpret the statute Congress has passed to determine whether it displays an intent to create not just a private right but also a private remedy."532 U.S. at 286, 121 S.Ct. 1511 (citations omitted) (emphasis added). Without a private remedy, "a cause of action does not exist and courts may not create one, no matter how desirable that might be as a policy matter, or how compatible with the statute." Id. at 286–87, 121 S.Ct. 1511. Finally, in Gonzaga University v. Doe,536 U.S. 273, 289, n. 7, 122 S.Ct. 2268, 153 L.Ed.2d 309 (2002), the Court explained that, in determining whether a statute creates a private right of action, there is "no presumption of enforceability merely because a statute speaks in terms of rights." (internal citation omitted)."

[11] **The Laws of the United States, Act of the First Congress of the United States, Statute I, Chapter I, Sec. I:** "An Act to regulate the Time and Manner of administering certain Oaths"

[12] **Greene v. Raffensperger, 599 F. Supp. 3d 1283, 1295-96 (N.D. Ga. 2022):** However, these jurisdictional statutes do not create a private right of action for the violation of any federal law. See Jairath v. Dyer , 154 F.3d 1280, 1282 (11th Cir. 1998) ("Such federal-question jurisdiction [under § 1331 ] may be based on a civil action alleging a violation of the Constitution, or asserting a federal cause of action established by a congressionally created

236    26. In Addition, *"the members of the several State legislatures, and the next*

237    *sessions of the said legislatures, respectively, and all executive and judicial*

238    *officers of the several States, who have be heretofore chosen or appointed, or*

239    *who shall be chosen or appointed.[13]"* Therefore by Act of Congress to

240    command the States as to the requirements and consequence of the failure

241    of performance as it pertains to a Persons political rights to appointment

242    and to make an "Oath" prior to the performance of any duties is essentially

243    a Federal Question.

244    27. furthermore, should a jury decide to rescind a Person's right to execute an

245    "Oath" for failure to perform or personal incapacity to perform by ability or

246    choice, that determination would have an effect in Federal, State, and Local

247    jurisdictions of the Individual Person's Political Rights of Privilege.

248

249

250    **§1343. Civil rights and elective franchise**

251    4.  There is a controversy that exists between the Plaintiff and the Defendants

252        4.1.      The Plaintiff does have cause to bring Judicial action against the

253        Defendants

---

expressed or implied private remedy for violations of a federal statute. ") (emphasis added); Storey v. Rubin , 976 F. Supp. 1478, 1483 (N.D. Ga. 1997) ("Federal courts have federal question subject matter jurisdiction under [ Section 1331 ] only when Congress explicitly or implicitly has created a private right of action independent of [ Section 1331 ] supporting a given plaintiff's claim."). The Court must therefore ask whether Congress intended to create a private remedy for violations of the 1872 Amnesty Act. Loc. Div. 732, Amalgamated Transit Union v. MARTA , 667 F.2d 1327, 1333–34 (11th Cir. 1982) (explaining that the concepts of federal subject matter jurisdiction and implied rights of action are "inextricably intertwined").

[13] **The Laws of the United States, Act of the First Congress of the United States, Statute I, Chapter I, Sec. 3**

254    4.2.      The Plaintiff was Deprived of Constitutional Rights by Defendants
255         under the color of law .

256    4.3.      The Defendants' actions did interfere in Plaintiff's 5th Amendment
257         right to Liberty of Contract.

258    4.4.      The Defendants' actions were conducted with willful and wanton
259         disregard for duties and responsibilities as Public Officers'.

260    4.5.      The Defendants' actions were done with malice against Plaintiff.

261    4.6.      The Public and Plaintiff union shall be reconstituted, and all
262         previously deprived and currently due public treasury awards and benefits
263         shall be immediately disbursed in perpetuity until such time as they are no
264         longer due under the color of law.

265

266    28.The Plaintiff draws Civil rights and elective franchise thru the following 28
267         U.S. Code § 1343(3) "To redress the deprivation, under color of any State
268         law, statute, ordinance, regulation, custom or usage, of any right, privilege
269         or immunity secured by the Constitution of the United States or by any Act
270         of Congress providing for equal rights of citizens or of all persons within the
271         jurisdiction of the United States;"

272

273   **Clarification of Enumeration 4.6**

274    29.The Plaintiff should clarify to the Court regarding enumeration 4.6, if it is
275         determined by the Jury the Actions of the Defendants were in fact not under
276         the color of law, and the Plaintiff's Constitutional Rights were deprived, then
277         in the spirit of cause and effect, the results of the Defendants action are fruit

278     of the poisonous tree, and the Plaintiff was never Lawfully dismissed,

279     therefore still retains Claim to the  Public Officer Position at KDOC and

280     entitlements to the "Profits" of Treasury awards and benefits that have been

281     deprived that reside currently for the Public Officer Seat in Official Capacity.

282

283     **Section IV: The Defendants assertion they were summoned in an Official**

284     **Capacity and the Defendants have 11th Amendment Immunity as the State**

285     **and The Defendants or Corporations.**

286

287     5.  MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS,

288     5.1.      Pg 3,

289     5.1.1. ARGUMENTS AND AUTHORITIES

290     *5.1.1.1.  "The Eleventh Amendment bars Craft's claims against*

291     *Defendants in their official capacities for declaratory relief and for*

292     *monetary damages."*

293

294     *5.1.1.2.  "Craft's claims against Defendants in their official capacities for*

295     *declaratory and monetary relief should be dismissed for lack of*

296     *subject-matter jurisdiction due to Eleventh Amendment immunity."*

297

298     **Plaintiff Actions and Arguments**

299     30.The Plaintiff brought case and controversy and executed Proper Service on

300     the Defendants as Individual Persons, in the Capacity of Individuals per

301    Fed. R. Civ. P and Kansas State Statute[14] therefore the claim of 11th

302    Amendment immunity is or the Defendants are summoned in Official

303    Capacity irrelevant and not applicable.

304

305    31. Plaintiff filed this Case on March 3, 2023, and with the submission of the

306    Petition, Plaintiff Completed the U.S Court "Civil Cover Sheet" (JS 44 (Rev.

307    04/21)) for the Clerk of Court to process the framing of the case.

308

309    32. The Plaintiff Designated the Case as being submitted was "Civil Nature of

310    Suit Code, Civil Rights, Code 440 (Other Civil Rights).

311    33. The Alternate Codes and Titles" the Plaintiff specifically did not select, but

312    could have been chosen based on Plaintiff's analysis and interpretation of

313    the Defendants' Defense are

314    33.1.    Code: 442, Title: Employment; Action filed under Age Discrimination

315    in Employment Act 29:621:634, Equal Employment Opportunity Act (Title

316    VII) 42:2000E, Performance Rating Act of 1950 5:4303.

317    33.2.    Code: 445, Title: Americans With Disabilities - Employment; Action of

318    discrimination against an employee with disabilities of any type in the

319    workplace, filed under 42 U.S.C. § 12117.

320

---

[14] **Melvin v. Troy Univ., 609 F. Supp. 3d 1262, 1273 (M.D. Ala. 2022):** State officials sued in their individual capacities do not enjoy Eleventh Amendment immunity. SeeJackson v. Georgia Dept. of Transp. , 16 F.3d 1573, 1575 (11th Cir. 1994) ; see alsoGuillemard-Ginorio v. Contreras-Gomez , 585 F.3d 508, 530-32 (1st Cir. 2009) ; Williams v. Com. Of Ky. , 24 F.3d 1526, 1543 (6th Cir. 1994) ; Wilson v. UT Health Center , 973 F.2d 1263, 1271 (5th Cir. 1992) ; Pena v. Gardner , 976 F.2d 469, 473-74 (9th Cir. 1992).

321    34. The Plaintiff cannot file Petition against an Individual under Code 442 or Code

322         445 due to the Requirement for Authorization to Sue issued by the State or an

323         Oversite agency of the United States.

324

325    35. The Plaintiff would only be able to bring suit under Code 442 or Code 445

326         against the Political Body Politic (State of Kansas, Kansas Department of

327         Corrections (hereinafter KDOC), Seat of Official Capacity, or the Public

328         Corporate Entity) and not the Individual which would be irrelevant to the

329         question to the Jury regarding capacity to swear an "Oath."

330

331    36. The Plaintiff specifically did NOT draft, nor Provide a Summons to the Clerk of

332         the District Court to be Sealed for the State of Kansas, KDOC, The Attorney

333         General of Kansas (hereinafter KAG), or Assistant Attorney General of Kansas

334         because the Plaintiff had determined the actions of each Defendant were not

335         "under the color of law", and therefore not within the scope of the official

336         duties, but actions that were individual in nature and Personal exploitation of

337         power, authority, and privileges.

338

339    37. The Plaintiff did NOT serve the State of Kansas, KDOC, The Attorney General of

340         Kansas (hereinafter KAG), or the Assistant Attorney General of Kansas, however

341         the KAG did intercept the Summons and Complaint served on Defendant 5,

342         which was not specifically designated for the Attorney General of Kansas,

343         therefore that fact is irrelevant to the requirement of service per Kansas State

344         Statute 60-304(d)(4) AND (5) which makes their claim under that action if they

345    so choose to claim moot and the Plaintiff will motion to seek Declaratory

346    Judgement by a Jury to this specific issue should this argument be asserted by

347    the Defendants.

348

349    **Plaintiff's Execution of "Proper Service" on Defendants classified as**

350    **Individual Person(s) in the Capacity of Individual(s)**

351

352    38. Based on the "Service Process" procedure performed by the Plaintiff and no

353    argument from Defendants to Preserve the right or Make Objection in Defense

354    as to improper Service, the Plaintiff will show that a Perfect Proper Service was

355    executed and the Defendants were in Un-Declared Fact summoned as

356    Individual Person in the Capacity of an Individual, That each Defendant and

357    The Attorney General's Office was fully aware of the Class and Capacity but

358    attempted to make what the Plaintiff believes was a fallacious argument for

359    which the Plaintiff cannot presume to understand.

360

361    39. Each Defendant was summoned under Fed. R. Civ. P. Rule 4(i)(3) as stated in

362    Notice of Service on Defendants (Doc 6)

363    *"1. Let it be known to this honorable court the following Defendants have been*

364    *served the summons and complaints per Fed. R. Civ. P. 4(i)(3)"*

365

366    40. Per Fed. R. Civ. P. Rule 4(i)(3) Officer or Employee Sued Individually.

367    *To serve a United States officer or employee sued in an individual capacity for*

368    *an act or omission occurring in connection with duties performed on the United*

369  *States' behalf (whether or not the officer or employee is also sued in an official*

370  *capacity), a party must serve the United States and also serve the officer or*

371  *employee under Rule 4(e), (f), or (g).*

372  41. The Plaintiff served the United States as directed by Fed. R. Civ. P. Rule 4(i)(3)

373  "*Notice of Service to the United States and District Attorney*" (Doc 4).

374

375  42. The Plaintiff also served each Individual Defendant in the Capacity of an

376  Individual Per Fed. R. Civ. P. Rule 4(e)

377  (e) SERVING AN INDIVIDUAL WITHIN A JUDICIAL DISTRICT OF THE

378  UNITED STATES.

379

380  *Unless federal law provides otherwise, an individual— other than a minor, an*

381  *incompetent person, or a person whose waiver has been filed—may be served*

382  *in a judicial district of the United States by:*

383  *(1) following state law for serving a summons in an action brought in*

384  *courts of general jurisdiction in the state where the district court is*

385  *located or where service is made; or*

386  *(2) doing any of the following:*

387  *(A) delivering a copy of the summons and of the complaint to the*

388  *individual personally;*

389  *(B) leaving a copy of each at the individual's dwelling or usual*

390  *place of abode with someone of suitable age and discretion who*

391  *resides there; or*

392         *(C) delivering a copy of each to an agent authorized by*

393         *appointment or by law to receive service of process.*

394

395 **43.**   **Fed. R. Civ. P. Rule 4(e)(1) per D. Kan. Rule. 4.1 (Doc 6) to K.S. 60-**

396       **304(a) – Individual**

397     *60-304.   Service of process, on whom made. As used in this section, "serving"*

398     *means making service by any of the methods described in K.S.A. 60-303, and*

399     *amendments thereto, unless a specific method of making service is prescribed*

400     *in this section. Except for service by publication under K.S.A. 60-307, and*

401     *amendments thereto, service of process under this article must be made as*

402     *follows:*

403     ***(a)   Individual.***

404     *On an individual other than a minor or a disabled person, by serving the*

405     *individual or by serving an agent authorized by appointment or by law to*

406     *receive service of process. If the agent is one designated by statute to receive*

407     *service, such further notice as the statute requires must be given. Service by*

408     *return receipt delivery must be addressed to an individual at the individual's*

409     *dwelling or usual place of abode and to an authorized agent at the agent's*

410     *usual or designated address. If the sheriff, party or party's attorney files a*

411     *return of service stating that the return receipt delivery to the individual at the*

412     *individual's dwelling or usual place of abode was refused or unclaimed and*

413     *that a business address is known for the individual, the sheriff, party or*

414     *party's attorney may complete service by return receipt delivery, addressed to*

415     *the individual at the individual's business address.*

416

417

418     The State of Kansas, KDOC, or any other Government Body is NOT a Party per the

419     process of service executed by the Plaintiff.

420

**421 44.    For a Government Body to be a Party, it would have required the**

**422     Plaintiff to follow Fed. R. Civ. P. Rule 4(j)(2) and K.S. 60-304.(d)**

423

424     Fed. R. Civ. P. Rule 4(j)(2)

425       *(j) SERVING A FOREIGN, STATE, OR LOCAL GOVERNMENT.*

426       *(2) State or Local Government. A state, a municipal corporation, or any other*

427       *state-created governmental organization that is subject to suit must be served*

428       *by:*

429       *(A) delivering a copy of the summons and of the complaint to its chief*

430       *executive officer; or*

431       *(B) serving a copy of each in the manner prescribed by that state's law for*

432       *serving a summons or like process on such a defendant.*

433

**434 K.S. 60-304.(d) – Government Bodies**

435       (d)   Governmental bodies. On:

436            (4)   any other public corporation, body politic, district or authority,

437            by serving the clerk or secretary or, if the clerk or secretary is not

438            found, any officer, director or manager thereof;

439            **and**

440           **(5) the state or any governmental agency of the state, when**

441           **subject to suit, by serving the attorney general or an assistant**

442           **attorney general.**

443        *Service by return receipt delivery must be addressed to the*

444        *appropriate official at the official's governmental office.*

445

446   **45.    PLAINTIFF SUMMARY AS TO SERVICE ON GOVERNMENT BODY**

447   1. The Plaintiff did not fulfil the requirement for service on Defendants as

448     Government Body or "Official Capacity" per 60-304(d)(4) AND (5)

449        1.1.       The Attorney General of Kansas was NOT Served

450        1.2.       Assistant Attorney General was NOT Served

451        1.3.       Each individual Defendant was served their own individual summons

452          and complaint.

453

454   **For an "Employee" to be a Party**

455

456   Fed. R. Civ. P. Rule 4(i)(2) and K.S. 60-304.(h)

457

458   Fed. R. Civ. P. Rule 4(i)(2)

459        (*i*)      *SERVING THE UNITED STATES AND ITS AGENCIES, CORPORATIONS,*

460        *OFFICERS, OR EMPLOYEES.*

461            *(2) Employee Sued in an Official Capacity.*

462            *To serve a United States agency or corporation, or a United States*

463            *officer or employee sued only in an official capacity, a party must serve*

464            *the United States*

465

466       *and*

467

468       ***also send a copy of the summons and of the complaint by registered***

469       ***or certified mail to the agency, corporation, officer, or employee***

470

471       **AND per D. Kan. Rule. 4.1 (Doc 6)**

472

473     K.S. 60-304.(h)

474         *(h)   Service on an employee.*

475            *If a party or a party's agent or attorney files an affidavit or a*

476            *declaration pursuant to K.S.A. 53-601 , and amendments thereto, that*

477            *to the best of the affiant's or declarant's knowledge and belief the*

478            *person to be served is employed in this state, and is a nonresident or*

479            *that the place of residence of the person is unknown, the affiant or*

480            *declarant may request that the sheriff or other duly authorized person*

481            *direct an officer, partner, managing or general agent or the individual*

482            *having charge of the place at which the person to be served is*

483            *employed, to make the person available to permit the sheriff or other*

484            *duly authorized person to serve the summons or other process.*

485

486    **46.**    **PLAINTIFF SUMMARY AS TO SERVICE ON "Employee" or "Official**

487        **Capacity"**

488       1. The Defendants were NOT served per Fed. R. Civ. P. Rule 4(i)(2) which

489          required also "*send a copy of the summons and of the complaint by registered*

490          *or certified mail to the agency, corporation, officer, or employee*"

491       2. The Defendants were Not Served as an "Employee" per 60-304(h)

492          a. The Plaintiff did not draft, execute, and/or file "*an affidavit or a*

493            *declaration pursuant to K.S.A. 53-601*" demanding the *"employee"* or

494            "*a duly authorized person be made available to serve the summons.*"

495

496    **47.**    **Summary of the executed Process of Service by Plaintiff on each**

497        **Individual Defendant in Individual Capacity.**

498

499    48. The Plaintiff believes he has provided a detailed procedural analysis to validate

500        the fact the Defendants were are not "employees" or in the Official Capacity, nor

501        are they a Seat of Government, a State of themselves, or a corporation with

502        11th Amendment Qualified Immunity as the Defendants have asserted in their

503        Defense.

504    49. However, there is more analysis to validate the Plaintiff's position, and show the

505        Defendants were in Fact aware the entire time, but attempted what appeared to

506        be games of fallacy.

507    50. The Defendants had provided additional acceptance and acknowledgment of

508        "Proper Perfect Service" on Defendants as Individual Persons in Individual

509        capacity is supported by the following.

510   51. The Defendants and KAG office made a request to "Extending Time" and a 14-

511         day extension was granted by the Court per "Clerk's Fourteen-Day Extension"

512         (Doc13) (hereinafter "Clerk Order") on May 26, 2023.

513   52. The Defendants and KAG were aware the Court ONLY allowed 21 days for

514         Defendants to respond when making the request.

515   53. A 21 Day response requirement under Fed.R.Civ.P. Rule 12(a)(A)(i) is specific to

516         Individual Persons in Individual Capacity.

517   54. The Order to extension of time was issued on May 26, 2023 and they submitted

518         their Defense on June 14, 2023, as the extended date of extension, therefore

519         the Defendants and KAG have been fully aware of the Person and Capacity of

520         the Defendants otherwise they would have demanded the full 60 days for Public

521         Officers in Official Capacity, States, or Seat of Government to be applied.

522   55. The Defendants nor KAG have made any attempt to claim nor preserved the

523         right to claim "improper service" before or upon filing a Defense per

524         Fed.R.Civ.P. Rule 12(b), therefore "Proper Perfect Service" has been accepted by

525         Defendants and KAG.

526   56. On June 14, 2023, the KAG filed a Defense for the Defendants in compliance

527         with the 21 Day requirement plus the granted 14-day extension again in action

528         acknowledging the Defendants have in Fact been summoned as Individual

529         Persons in Individual Capacity and per Fed.R.Civ.P. Rule 12(h).

530         56.1.      Fed.R.Civ.P. Rule 12(h)(1) Defendants and KAG as per Rule 12(h)(1)(A)

531                  and 12(h)(1)(B) have not preserved and thereby subsequently waived the

532                  rights to any other Defenses in Rule 12(b)(2)-(5), which inherently,

533      acknowledges Perfect Proper Service performed by Plaintiff and acceptance

534      of service as Individual Persons in the Capacity of Individuals.

535

536  **57.     Section V - Plaintiff Declaration to Proper Service and Defendants**

537      **knowledge they were served as Individual Persons in the Capacity of**

538      **Individuals.**

539  58.The Plaintiff declares he believes has fulfilled all requirements per Fed.R.Civ.P.

540      and Kansas State Statute as to a Proper "Perfect Service" to specify in precision

541      the Individual Person in an Individual Capacity was summoned therefore the

542      Defendants questions and assertions framed involving the State of Kansas,

543      KDOC's interest, Official Capacity, or A Public Corporate entity is irrelevant to

544      these proceedings.

545  59.The Plaintiff also re-asserts to the Court the involvement and representation by

546      the Office of the Attorney General is inappropriate and a conflict of interest to

547      the KAG's duties of investigation and performance in the Public Interest "under

548      the color of law"

549

550  **Section VI - Summary of Plaintiff to Court**

551  60.The Plaintiff believes reasonable assertions to presumptive premises in regard

552      this Court's Subject-Matter Jurisdiction, The Defendants Capacity, and

553      whether the Defendants retain any form of Immunity or can be classified as the

554      State, A Corporation, or Seat of Government have been examined and found to

555      be displaced and cast off.

556   61.The Actions of Plaintiff and the Actions of Defendant leave only one reaonsable

557       outcome for the Court and Parties.

558   62.The Court possesses "Subject-Matter Jurisdiction", The Defendants as it

559       pertains to this case and controversy, by Undisputed Perfect Proper Service are

560       Individual Persons in Individual Capacity, and any assertions of immunity[15] do

561       not exist.

562

563   **63.    Section VII - Request to Court**

564       63.1.      Plaintiff Prays the Court asserts its proper station to rule over this

565           case and controversy and proceed to expedite a fair and just conclusion and

566           allow the Plaintiff to preserve the right to Estoppel each Defendants

567           Defensive Claims and Justifications for Actions.

568

569

570
571
572                                    s/ _____
573                                       COI Robert Craft
574                                       209 N Oak St
575                                       Stockton, KS 67669
576                                       Telephone: 941-270-0938
577                                       Email: craft.kdoc@gmail.com

---

[15] **Melvin v. Troy Univ., 609 F. Supp. 3d 1262, 1273 (M.D. Ala. 2022):** State officials sued in their individual capacities do not enjoy Eleventh Amendment immunity. SeeJackson v. Georgia Dept. of Transp. , 16 F.3d 1573, 1575 (11th Cir. 1994) ; see alsoGuillemard-Ginorio v. Contreras-Gomez , 585 F.3d 508, 530-32 (1st Cir. 2009) ; Williams v. Com. Of Ky. , 24 F.3d 1526, 1543 (6th Cir. 1994) ; Wilson v. UT Health Center , 973 F.2d 1263, 1271 (5th Cir. 1992) ; Pena v. Gardner , 976 F.2d 469, 473-74 (9th Cir. 1992).