IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ROBERT CRAFT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case. No. 23-1081-JAR-GEB |
| | ) |
| JACOB TOWNSEND, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION
## FOR A MORE DEFINITE STATEMENT

Defendants Jacob Townsend, John Linneman, Teresa Glendening, Hazel Peterson and Joel Hrabe ("Defendants") submit this response to Plaintiff Robert Craft's Motion for a More Definite Statement (Doc. 24). Defendants request that the Court deny the Motion and state the following in support.

A motion for a more definite statement only applies to "a pleading to which a responsive pleading is allowed." Fed. R. Civ. P. 12(e). Here, Defendants' Motion to Dismiss (Doc. 19) is not a "pleading," so a motion for a more definite statement is inappropriate. Fed. R. Civ. P. 7 (contrasting the enumerated "pleadings," such as "a complaint" and "an answer to a complaint," with "motions"); Fed. R. Civ. P. 12(b) (a motion to dismiss "must be made before pleading," necessarily meaning a motion to dismiss is not a "pleading"); *see also Airtex Mfg. LLLP v. Boneso Bros. Constr., Inc.*, No. 19-2269-CM, 2019 WL 6715411, at *3 (D. Kan. Dec. 10, 2019) (saying a motion for a more definite statement is even ordinarily inappropriate with regard to an answer apart from sections about counterclaims).

Craft's Motion, falling outside the scope of Rule 12(e), is effectively an interrogatory, demanding that the Defendants' answer a sixteen-page litany of questions. (*See* Doc. 24 at 3-18.)

Discovery, including interrogatories, is inappropriate at this stage of litigation. *See* Fed. R. Civ. P. 26(d)(1) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)"); *see also* 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1376 (3d ed. Apr. 2023 update) ("The purpose of Rule 12(e) is to permit litigants to procure information needed to frame a responsive pleading, not as a substitute for discovery"). Even if it was appropriate, many of Craft's questions seek the inner thoughts of Defendants' attorneys on purely legal matters, which are not discoverable. *Steil v. Humana Kan. City, Inc.*, 197 F.R.D. 445, 447 (D. Kan. 2000) ("interrogatories may not extend to issues of 'pure law'"); *Hickman v. Taylor*, 329 U.S. 495, 510 (1947) ("Not even the most liberal of discovery theories can justify unwarranted inquiries into . . . the mental impressions of an attorney."). And most of the questions would also be subject to objection, such as "argumentative" or "vague and ambiguous." *See* 7 Cyclopedia of Federal Procedure § 25:341 (3d ed. July 2023 update). In substance, Craft's "Motion for a More Definite Statement" is an improper interrogatory seeking to discover undiscoverable information from Defendants.

     Craft's Motion for a More Definite Statement is misplaced. The proper avenue for Craft to express a belief that Defendants have not sufficiently made their case would have been through a response.[1] For these reasons, the Defendants request that the Court deny the Motion.

---

[1] Craft also filed a Response (Doc. 27), which the Defendants will respond to separately.

Respectfully submitted,

OFFICE OF ATTORNEY GENERAL
KRIS W. KOBACH

*/s/ Matthew L. Shoger*
Matthew L. Shoger, KS No. 28151
Assistant Attorney General
Milesha N. Segun, KS No. 28290
Assistant Attorney General
120 SW 10th Avenue, 2nd Floor
Topeka, Kansas 66612-1597
matt.shoger@ag.ks.gov
milesha.segun@ag.ks.gov
(785) 296-2215
Fax: (785) 291-3767
*Attorneys for the Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 21st day of June, 2023, the foregoing document was filed with the clerk of the court by using the CM/ECF system, which will send notice of electronic filing to the following:

Robert Craft
209 N. Oak Street
Stockton, KS 67669
craft.kdoc@gmail.com
*Plaintiff, pro se*

*/s/ Matthew L. Shoger*
Matthew L. Shoger
Assistant Attorney General