## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **ROBERT CRAFT,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case. No. 23-1081-JAR-GEB** |
| | ) | |
| **JACOB TOWNSEND,** *et al.,* | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

Defendants Jacob Townsend, John Linneman, Teresa Glendening, Hazel Peterson and Joel Hrabe ("Defendants") submit this reply in support of their Motion to Dismiss (Doc. 19). Defendants assert that Plaintiff Robert Craft does not overcome their legal arguments. Accordingly, Defendants' motion should be granted in its entirety. Defendants incorporate herein, as if set forth in full, the arguments and authorities in their Memorandum in Support. (Doc. 20.) Defendants' Motion should be granted for the reasons previously stated.

Craft completely fails to address any of Defendants' arguments under Rule 12(b)(6). Those arguments include how Craft failed to state a claim regarding free speech retaliation, free exercise retaliation, procedural due process, substantive due process, and conspiracy. Somewhat ironically, Craft says many issues "need not be addressed at this time for the sake of exhausting the Courts resources" (Doc. 27 at ¶ 13) in a Response that manages to go eleven pages over the Court's page limit as set forth in D. Kan. Rule 7.1(d)(3). The Court may disregard the excess pages (that is, the last eleven pages) of Craft's Response. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (saying a *pro se* litigant is expected to adhere to the same rules of procedure that govern any other litigant in this circuit).

Craft focuses nearly all of his lengthy Response on stating that his claims are supposedly

against Defendants in their individual capacities, not their official capacities. Craft says that he

"cannot presume to understand" why Defendants believe they are being sued in their official

capacities. (Doc. 24 at ¶ 38.) But here is what Craft's own Complaint clearly says about the

capacity in which the Defendants are sued (with highlighting added):

## 2.  Defendant(s)

**Name:** Corrections Supervisor I (CSI) Jacob Townsend (hereinafter **Defendant 1**)

**Capacity**: in the official capacity of a sworn State of Kansas Department of Corrections Public Employee/Officer/Agent

…

**Name:** Corrections Supervisor I (CSI) John Linneman (hereinafter **Defendant 2**)

**Capacity**: in the official capacity of a sworn State of Kansas Department of Corrections Public Employee/Officer/Agent

…

**Name:** Administrator Teresa Glendening (hereinafter **Defendant 3**)

**Capacity**: in the official capacity of a sworn State of Kansas Department of Corrections Public Employee/Officer/Agent

…

**Name:** Warden Hazel Peterson (hereinafter **Defendant 4**)

**Capacity**: in the official capacity of a sworn State of Kansas Department of Corrections Public Employee/Officer/Agent

…

**Name:** Deputy Secretary of Facilities Management Joel Hrabe (hereinafter **Defendant 5**)

**Capacity**: in the official capacity of a sworn State of Kansas Department of Corrections Public Employee/Officer/Agent

(Doc. 1 at 1-3.)

Plainly, the Complaint did not place Defendants on notice of any individual capacity

claims but only official capacity claims. *See Atchinson v. District of Columbia*, 73 F.3d 418, 425 (D.C. Cir. 1996) (affirming that the text of the complaint explicitly stating "official capacity" showed the parties understood the suit to be against the defendant in his official rather than his individual capacity). Further, when "the relief sought is . . . money damages paid by the state" of Kansas then "the State of Kansas is the real party in interest" and the action is "brought against the . . . defendants in their official capacities," so the "defendants qualify for Eleventh Amendment immunity." *LaFavre v. Kansas ex rel. Stovall*, 6 F. App'x 799, 803-04 (10th Cir. 2001) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101 n.11 (1984)). Here, the Complaint seeks "public treasury awards and benefits" (Doc. 1 at 19), which alone would indicate an official capacity claim even apart from the Complaint already explicitly stating that. Craft wants money from the state without the state having an opportunity to defend itself.

Craft cannot amend his complaint now by attempting to add individual capacity claims through motions, notices, or responses. *See Starnes v. Gillespie*, No. Civ.A. 01-3430-CM, 2004 WL 1003358, at *3 n.2 (D. Kan. Mar. 29, 2004) ("The court will not consider claims which plaintiff did not include in his complaint and presents for the first time in a response brief."); *Waskul v. Washtenaw Cnty. Cmty. Mental Health*, 979 F.3d 426, 440 (6th Cir. 2020) (saying plaintiffs "cannot amend their complaint in an opposition brief or ask the court to consider new allegations (or evidence) not contained in the complaint"). To amend his complaint at this point, Craft must have leave of the Court. Fed. R. Civ. P. 15(a)(1)-(2). But it would be futile for Craft to amend his Complaint here because his claims would all still fail to state a claim upon which relief can be granted. *See Whitney v. New Mexico*, 113 F.3d 1170, 1175 (10th Cir. 1997) (finding an amendment would be futile when the plaintiff "failed to allege all of the elements necessary to state a claim" and the proposed amendment would not cure the issue). This is especially clear in

light of how Craft has failed to address any of the Defendants' arguments under Rule 12(b)(6) and even more so in light of qualified immunity.

Defendants have not waived any arguments regarding individual capacity claims because no individual capacity claims have been brought. Therefore, Defendants reserve the right to raise arguments such as qualified immunity and improper service on Defendants in their individual capacities in the event that the Court allows Craft's complaint to be amended to add individual capacity claims.

Although service is not contested in the current motion, Craft spends numerous pages misconstruing rules and facts about service. For example, Craft states that the OAG was not served. (Doc. 27 at ¶ 37.) But a return of service Craft himself filed shows that the OAG was in fact served. (Doc. 9 at 2.[1]) He states that Defendants were served under Fed. R. Civ. P. 4(i)(3), which only applies to officers or employees of the federal government. (Doc. 27 at ¶¶ 39-41.) But Defendants are officers or employees of the State of Kansas, not of the federal government. So that rule does not apply. Craft similarly misconstrues other service rules, but Defendants decline to reply to all of them. They are in the portion of the Response beyond the page limit, and service is not contested in the current motion.

Although Craft insists his cause of action arises under the bill of rights (Doc. 27 at ¶¶ 14-15, 17) and oaths of office (Doc. 27 at ¶¶ 17, 19, 25-26), neither create private rights of action.[2]

---

[1] Although technically the summons served on the OAG was improper under K.S.A. 60-304(d) (due to not being addressed to the OAG), the OAG had notice of the case through service of summons on the OAG.

[2] *VR Acquisitions, LLC v. Wasatch Cnty.*, 853 F.3d 1142, 1144 n.1 (10th Cir. 2017) ("1983 is the remedial vehicle for raising claims based on the violation of constitutional rights"); *Egbert v. Boule*, 142 S. Ct. 1793, 1804 (2022) ("a court may not fashion a [court-made] remedy if Congress already has provided, or has authorized the Executive to provide, an alternative remedial structure"); *Simon v. Hollis*, No. 97-1164-JTM, 1997 WL 542721, at *6 (D. Kan. Aug. 26, 1997) (citing *Lewis v. Green*, 629 F.Supp. 546 (D.D.C.1986)) ("Statutes which require state

Craft insists that state employees can only be fired by a jury. (Doc. 27 at ¶¶ 20-21.) As much as Craft may want that to be true, it is quite obviously not the law, and Craft cites no legal authority in support. *See* K.S.A. 75-5205(c) (saying "The secretary [of corrections] may appoint . . . employees"); K.A.R. 1-7-3(d) (saying a "probationary employee . . . may be dismissed *by the appointing authority*"); *see also* K.A.R. 1-2-9 (defining appointing authority).

Craft insists "actions like this are consented to by Congress." (Doc. 27 at ¶ 21.) But nowhere does he actually demonstrate an applicable waiver of Eleventh Amendment immunity. Neither Kansas nor Congress has consented to allow monetary or declaratory relief against the state of Kansas in the kind of action Craft presently brings.

Craft surprisingly argues that Defendants' actions "were not under the color of law." (Doc. 27 at ¶ 36.) That would undermine his case. His action, which can only be brought under § 1983, *requires* that the alleged actions be under the color of state law. *See* 42 U.S.C. § 1983.

The Court should grant the Defendants' Motion to Dismiss for the reasons previously stated in Defendants' Memorandum in Support. (Doc. 20.)

Respectfully submitted,

OFFICE OF ATTORNEY GENERAL
KRIS W. KOBACH

*/s/ Matthew L. Shoger*
Matthew L. Shoger, KS No. 28151
Assistant Attorney General
120 SW 10th Avenue, 2nd Floor
Topeka, Kansas 66612-1597
matt.shoger@ag.ks.gov
(785) 296-2215
Fax: (785) 291-3767
*Attorney for the Defendants*

---

or federal officials to take oaths of office do not create a private cause of action for acting contrary to the Constitution.").

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on this 24th day of June, 2023, the foregoing document was filed with the clerk of the court by using the CM/ECF system, which will send notice of electronic filing to the following:

Robert Craft
209 N. Oak Street
Stockton, KS 67669
craft.kdoc@gmail.com
*Plaintiff, pro se*

*/s/ Matthew L. Shoger*
Matthew L. Shoger
Assistant Attorney General