# UNITED STATES DISTRICT COURT
for the
District of Kansas

| | |
|---|---|
| COI Robert Craft,<br>**Plaintiff,**<br><br>v.<br><br>CSI Jacob Townsend, et al<br><br>**Defendants**<br>_____/ | Case No: 6:23-cv-01081-JAR-GEB<br><br>PLAINTIFF EMERGENCY MOTION FOR ORDER TO STAY AND ORDER TO DISQUALIFY KANSAS ATTORNEY GENERAL'S OFFICE AND WRIT OF INJUNCTION AND REQUEST FOR HEARING |

1. I, Robert Craft, in the aforementioned capacity, with the utmost humbleness and humility, bring forth this " **Emergency Motion for Order to Stay and Order to Disqualify Kansas Attorney General's Office and Writ of Injunction and Request for Hearing,** Per Fed. R. Civ. P. 12(b)(1) and the judicial proceedings regarding the determination of Court's "subject matter jurisdiction" authority challenged by Defendants.[1]

2. Both the Plaintiff and Defendants consent for the Court as a Party do what it deems necessary and proper to determine it does in fact have subject-matter jurisdiction over the petitioned case and controversy.

---

[1] Texas Dept, Parks Wildlife v. Miranda, 133 S.W.3d 217, 228 n.6 (Tex. 2004)

3. Since the Defendants have opened this door in the Pre-Discovery Period and essentially initiated an alternate judicial process and inherently by claim of "Qualified Immunity" rendered an Affirmative Defense by Each Individual Defendant. Therefore. the point and purpose of debating the case and controversy brought by the Plaintiff is irrelevant by the Defendants' own admission.

4. The Plaintiff still seeks the Facts to be Determined under the Seventh Amendment at Trial by Jury as well as a verdict to declare the Facts regarding the elements that gave rise to the Case and Controversy.

**Foundation for Motion and Request**

5. On July 25, 2023, the Defendants and Kansas Attorney General's Office filed a "REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS" (hereinafter 29-Reply)

6. Within the 29-Reply the Defendants specifically make statements that not only elude, admit, but actually attempt to justify the Fact the Attorney General's Office nor the State of Kansas, or KDOC were NEVER served or invited to be a Party to this case and controversy.

7. Additionally, the Defendants specifically express that *"Although technically the summons served on the OAG was improper under K.S.A. 60-304(d) (due to not being addressed to the OAG), the OAG had notice of the case through service of summons on the OAG."* (29-Reply Footnote 1) **(EXHIBIT A)** stating now there is a controversy over improper service "technically," and subsequently the OAG (hereinafter KAG) declares that

because they were aware of the case and controversy, but they Independently decided to intercept Defendant 5's, summons and complaint, now service has been rendered "*ON*" the KAG and not "*TO*" the KAG to "*accepted service on Behalf of Defendant 5*" (Doc 9) **(Exhibit B)** which has not been object to nor disputed by the Defendants.

8. The Defendants have waived the right to assert a claim of insufficient service Fed. R. Civ P. 12(b)(4) or insufficient service process Fed. R. Civ P. 12(b)(5) upon filing their Motion to Dismiss (Doc 19) and Answer of Defense (Doc 20) per R. Civ P. 12(h)

9. The KAG references the "**Notice of Service on Defendants**" (Doc 9) filed on May 22, 2023,
    a. specifically addresses the Defendants were served Summon and Complaints per Fed. R. Civ. P. 4(i)(3)
    b. The Plaintiff specifically anticipated this tactical move by the Defendants and KAG and specified in **Doc 9 Section 2(v)**
        i. "*The aforementioned documents were served per the D. Kan. Rule 4.1 and Kansas Statute 60-304 on May 10, 2023, at 09:18 through the Shawnee County Sheriff's Office by a Civilian Process Server and an Assistant Attorney General of Kansas accepted service on Behalf of Defendant 5*" **(EXHIBIT B)**

10. The Defendants openly admit no summons or complaint was ever provided directly to KAG per Kansas State 60-304(d) stating "*Although*

*technically the summons served on the OAG was improper under K.S.A. 60-304(d) (due to not being addressed to the OAG)." (29-Reply)*

**11.**     The Court should take notice there is NO Notice of Service for the State of Kansas, KDOC, KAG, filed by the Plaintiff that would have been required to make sure all parties are noticed and aware.

**12.**     The KAG made an appearance for the first time on May 26, 2023.

**13.**     On May 26, 2023, the Plaintiff filed "*Plaintiff Objection to Appearance of the Attorney General's Office of Kansas*" (Doc 14) reaffirming the Defendants were summoned in Individual capacity as *"The Plaintiff's claims came under the premise the Defendants' actions are beyond the scope of public interest, duty, and responsibility as Public Officers, therefore were executed on the own Individual Personal behalf in disregard of established law"* (Doc 14, Section 15)

**14.**     June 5, 2023, the Plaintiff filed **Plaintiff's Application for Temporary Restraining Order and Motion for Preliminary Injunction** (Doc 16) to Disqualify KAG and Restrain the State of Kansas, KAG, or KDOC from further interference in this case and controversy as they are NOT parties.

**15.**     June 8, 2023: The District Judge issued an "Order" (Doc 18) stating the Defendants were "Individual Employees" and reaffirming the case and controversy was brought in the Defendants' individual capacity by the 21-Day requirement to give an "Answer"

**Summary**

16. From May 22, 2023, to July 25, 2023, a total of 64 days since **Notice of Service on Defendants**" (Doc 9) was filed with the Court

17. From May 26 2023 to July 25, 2023, a total of 60 days since KAG filed an "**Entry of Appearance**" (Doc 14)

18. From June 14, 2023, to July 25, 2023, a total of 41 days since KAG filed a "**Motion to Dismiss**" (Doc 19)

19. From June 14, 2023, to July 25, 2023, a total of 41 days since KAG filed a "MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS" (Doc 20) issuing a waiver for Service and Process to be argued.

20. The Defendants and KAG have admitted they are and were aware the Defendants are in their Individual Capacity.

21. The Defendants and KAG have not objected nor given rise to any previous assertion to the Fact the Defendants are in their Individual Capacity, except to continue making arguments, to the contrary as though if they repeat it enough times it may become a fact, but ONLY a jury can render verdict to declare a Fact.

**Reason for Emergency**

22. The Plaintiff asserts the request for Emergency is rhetorical as the Plaintiff already made a request to overt any pending financial damages, but that has already happened and cannot be undone.

23. Plaintiff continues to suffer the hardship of the Defendants' injustices, and the Defendants' Interfering Publicly funded representation (KAG) has admitted their knowledge to the Fact they are not and never were a

Party, but because they became aware of an event decided to crash in and make themselves a participant at the expense of the Public and additional harm to the Plaintiff. Therefore, Plaintiff asserts one additional minute of continued support of Defendants by the KAG is detrimental to the facilitation of Justice and possibly could be considered witness tampering as the KAG may be called by either party to validate inquiry into Statute, Rule, Policy, Procedure, Contracts, or other limitations, required to be performed by the Defendants within their scope of duty and responsibility.

**Request to Court**

**24.** The Plaintiff requests this Honorable and Noble Court act in the Spirit of justice and grant the following request.

   a. Order a Stay on all further proceedings in the Court's determination of Rule 12(b)(1) and 12(b)(6) until the Facts at issue can be Determined and until such time as the Defendants can retain their individual attorney representation or make appearance pro-se.

   b. Order the Kansas Attorney General's Office to immediately withdraw as the representation for the Individual Defendants.

   c. Injunction on the State of Kansas, Kansas Attorney General's Office, and KDOC to cease and desist any contact with Defendants in regards to this case and controversy as they are the accused in their Individual Capacities of Actions outside the Color of Law

beyond the scope of their Public Officer Seat Official Duties and Responsibilities.

### Request for Hearing

**25.** The Plaintiff requests an immediate hearing be scheduled by the Court as is necessary and proper.

### Index of Attachments

**26. Total of 2 Exhibits**

**Exhibit A** - 29 REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

**Exhibit B** - 9 Notice of Service on Defendants

### Affidavit

**27.** This affidavit is submitted in accordance with 28 U.S. Code § 1746 - Unsworn declarations under penalty of perjury, Plaintiff hereby declares under the penalty of perjury that the foregoing is true and correct to the best of Plaintiff's knowledge.

s/ _____
COI Robert Craft
209 N Oak St
Stockton, KS 67669
Telephone: 941-270-0938
Email: craft.kdoc@gmail.com

light of how Craft has failed to address any of the Defendants' arguments under Rule 12(b)(6) and even more so in light of qualified immunity.

Defendants have not waived any arguments regarding individual capacity claims because no individual capacity claims have been brought. Therefore, Defendants reserve the right to raise arguments such as qualified immunity and improper service on Defendants in their individual capacities in the event that the Court allows Craft's complaint to be amended to add individual capacity claims.

Although service is not contested in the current motion, Craft spends numerous pages misconstruing rules and facts about service. For example, Craft states that the OAG was not served. (Doc. 27 at ¶ 37.) But a return of service Craft himself filed shows that the OAG was in fact served. (Doc. 9 at 2.[1]) He states that Defendants were served under Fed. R. Civ. P. 4(i)(3), which only applies to officers or employees of the federal government. (Doc. 27 at ¶¶ 39-41.) But Defendants are officers or employees of the State of Kansas, not of the federal government. So that rule does not apply. Craft similarly misconstrues other service rules, but Defendants decline to reply to all of them. They are in the portion of the Response beyond the page limit, and service is not contested in the current motion.

Although Craft insists his cause of action arises under the bill of rights (Doc. 27 at ¶¶ 14-15, 17) and oaths of office (Doc. 27 at ¶¶ 17, 19, 25-26), neither create private rights of action.[2]

---

[1] Although technically the summons served on the OAG was improper under K.S.A. 60-304(d) (due to not being addressed to the OAG), the OAG had notice of the case through service of summons on the OAG.

[2] *VR Acquisitions, LLC v. Wasatch Cnty.*, 853 F.3d 1142, 1144 n.1 (10th Cir. 2017) ("1983 is the remedial vehicle for raising claims based on the violation of constitutional rights"); *Egbert v. Boule*, 142 S. Ct. 1793, 1804 (2022) ("a court may not fashion a [court-made] remedy if Congress already has provided, or has authorized the Executive to provide, an alternative remedial structure"); *Simon v. Hollis*, No. 97-1164-JTM, 1997 WL 542721, at *6 (D. Kan. Aug. 26, 1997) (citing *Lewis v. Green*, 629 F.Supp. 546 (D.D.C.1986)) ("Statutes which require state

# UNITED STATES DISTRICT COURT
for the
District of Kansas

| | |
|---|---|
| COI Robert Craft,<br>**Plaintiff,**<br><br>v.<br><br>CSI Jacob Townsend,<br>CSI John Linneman,<br>Administrator Teresa Glendening,<br>Warden Hazel Peterson, and<br><br>Deputy Secretary of Facilities<br>Management Joel Hrabe<br><br>**Defendants** | )<br>)<br>)<br>)<br>)<br>)  Case No: 6:23-cv-01081-JAR-<br>)  GEB<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## Notice of Service on Defendants

1. Let be known to this honorable court the following Defendants have been served the summons and complaints per Fed. R. Civ. P. 4(i)(3).

2. **Defendant(s)**

    i. **Exhibit A**

    **Name:** Corrections Supervisor I (CSI) Jacob Townsend (**Defendant 1**)

    **Address:** 1215 S Cedar St
    **City and County:** Stockton; Rooks
    **State and Zip Code:** Kansas; 67669

The aforementioned documents were served per D. Kan. Rule 4.1 and Kansas Statute 60-304 on May 10, 2023 by the Rooks County Sheriff's Office

   ii. **Exhibit B**

   **Name:** Corrections Supervisor I (CSI) John Linneman (**Defendant 2**)

   **Address:** 1215 S Cedar St

**City and County:** Stockton; Rooks
**State and Zip Code:** Kansas; 67669

The aforementioned documents were served per D. Kan. Rule 4.1 and Kansas Statute 60-304 on May 10, 2023, by the Rooks County Sheriff's Office

iii. **Exhibit C**

**Name:** Administrator Teresa Glendening (**Defendant 3**)

**Address:** 1215 S Cedar St
**City and County:** Stockton; Rooks
**State and Zip Code:** Kansas; 67669

The aforementioned documents were served per D. Kan. Rule 4.1 and Kansas Statute 60-304 on May 10, 2023 by the Rooks County Sheriff's Office

iv. **Exhibit D**

**Name:** Warden Hazel Peterson (**Defendant 4**)

**Address:** 11130 Road E4
**City and County:** Norton; Norton
**State and Zip Code:** Kansas; 67654-0546

The aforementioned documents were served per D. Kan. Rule 4.1 and Kansas Statute 60-304 on May 15, 2023 by the Norton County Sheriff's Office.

v. **Exhibit E**

**Name:** Deputy Secretary of Facilities Management Joel Hrabe (**Defendant 5**)

**Address:** 714 SW Jackson, Suite 300
**City and County:** Topeka; Shawnee
**State and Zip Code:** Kansas; 66603

The aforementioned documents were served per D. Kan. Rule 4.1 and Kansas Statute 60-304 on May 10, 2023, at 09:18 AM through the Shawnee County Sheriff's Office by a Civilian Process Server and an Assistant Attorney General of Kansas accepted service on behalf of Defendant 5.

3. **Index of Exhibits**

    i. **Exhibit A**: Defendant 1: Summons and Proof of Service

    ii. **Exhibit B:** Defendant 2: Summons and Proof of Service

    iii. **Exhibit C:** Defendant 3: Summons and Proof of Service

    iv. **Exhibit D:** Defendant 4: Summons and Proof of Service

    v. **Exhibit E:** Defendant 5: Summons and Proof of Service

4. This affidavit is submitted in accordance with 28 U.S. Code § 1746 - Unsworn declarations under penalty of perjury, Plaintiff hereby declares under the penalty of perjury that the foregoing is true and correct to the best of Plaintiff's knowledge.

### Certificate of Service

I HEREBY CERTIFY that a true copy of the foregoing has been/will be sent to Defendants per Fed. R. Civ. P. 5(b)(2) – (A), (B)(i), or (C)

s/ _____
COI Robert Craft
209 N Oak St
Stockton, KS 67669
Telephone: 941-270-0938
Email: craft.kdoc@gmail.com