# UNITED STATES DISTRICT COURT

for the

District of Kansas

COI Robert Craft,

**Plaintiff,**

v.

CSI Jacob Townsend et al

**Defendants**

Case No: 6:23-cv-01081-JAR-GEB

**Plaintiff's Objection for Relevance and Motion to Strike Defendants' Response**

**ISSUE**

1. I, Robert Craft, in the aforementioned capacity, with the utmost humbleness and humility, bring forth this **"Plaintiff's Objection for Relevance and Request to Strike Defendants' Response"**

2. On July 27, 2023, the Defendants' thru the Kansas Attorney General's Office filed a **"DEFENDANTS' RESPONSE TO PLAINTIFF'S PURPORTED MOTION" (Hereinafter 31-Response).**

3. In the 31-Response the Defendants make a claim the **"PLAINTIFF EMERGENCY MOTION FOR ORDER TO STAY AND ORDER TO DISQUALIFY KANSAS ATTORNEY GENERAL'S OFFICE AND WRIT OF INJUNCTION AND REQUEST**

33    **FOR HEARING"** (Doc 30) (hereinafter 30-Motion) is a Sur-Reply, based on Plaintiff's

34    previous Objection (Doc 14) and Request for Injunction (Doc 16).

35    **4.**  The Defendants state in 31-Response the "Defendants have previously addressed Plaintiff's

36    arguments and requests for relief in Docs. 20, 22-23, and 29"

37    **5.**  The Plaintiff Objects to the Defendants' claim they have previously addressed arguments and

38    requests in the 30-Motion's entirety.

39    **6.**  The Plaintiff filed a "Motion to Stay" Fed R. Civ. P. 7(b) (Doc 30) on July 26, 2023, to pause

40    the Court's determination on the Defendants' challenge of the Court's "subject-matter

41    jurisdiction" per Motion to Dismiss per Fed. R. Civ. P. 12(b)(1) (Doc 19) supplemented by

42    Memorandum of Defense (Doc 20).

43    **7.**  The Plaintiff DENIES the Defendants assertion that Plaintiff has made a previous request or

44    the Defendants have had an opportunity to address any "Motion to Stay"

45    **8.**  The Plaintiff AGREES there was an Objection (Doc 14) and Motion of Injunction (Doc 16)

46    filed by the Plaintiff regarding the Kansas Attorney General's Office representation and

47    interactions with the Defendants.

48    **9.**  The Court issued an "Order" (Doc 18) on June 8, 2023, declaring the Court would not rule on

49    Plaintiff's Objection and Motion Doc 14 or Doc 16 until a "Answer" was received by the

50    Defendants.

51    **10.** Upon the Defendants' "Answer" (Doc 20) under 12(b)(1) and 12(b)(6) the Defendants have

52    declared an Affirmative Defense to all claims against the Defendants, but have challenged the

53    Court's subject matter jurisdiction and together the *Motion to Dismiss* and *Memorandum of*

54    *Defense* challenging of Fed. R. Civ. P. 12(b)(1) is a pleading under a new parameter of

55    judicial proceedings which includes but is not limited to motions, evidence, witness

56    testimony, evidentiary hearings, disputed and declared facts, and targeted discovery all for

57    which are open to supplement the Pleadings[1]

58    **11.** The Defendants responded to Doc 16 on "DEFENDANTS' RESPONSE IN

59         OPPOSITION TO PLAINTIFF'S MOTION TO DISQUALIFY COUNSEL" (Doc

60         23) as directed by the District Judge's Order (Doc 18).

61    **12.** The Plaintiff Filed the 30-Motion on July 25, 2023.

62    **13.** The Defendant filed *31-Response* to Plaintiff's 30-Motion on July 27, 2023.

63         a.   Defendants assert Plaintiff's 30 Motion is a "sur-reply" and Plaintiff was

64              required to seek leave from Court prior to filing.

65    **14.** The Defendants did NOT address any other contents of Plaintiff's 30-Motion

66

67

68

---

[1] **Texas Dept, Parks Wildlife v. Miranda, 133 S.W.3d 217, 227-28 (Tex. 2004)**: However, if a plea to the jurisdiction challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised, as the trial court is required to do. See Bland, 34 S.W.3d at 555 (confining the evidentiary review to evidence that is relevant to the jurisdictional issue). When the consideration of a trial court's subject matter jurisdiction requires the examination of evidence, the trial court exercises its discretion in deciding whether the jurisdictional determination should be made at a preliminary hearing or await a fuller development of the case, mindful that this determination must be made as soon as practicable. Id. at 554. Then, in a case in which the jurisdictional challenge implicates the merits of the plaintiffs' cause of action and the plea to the jurisdiction includes evidence, the trial court reviews the relevant evidence to determine if a fact issue exists. The United States Supreme Court and all of the federal circuits have authorized federal district courts to consider evidence in deciding motions to dismiss for lack of subject matter jurisdiction. See FED. R. CIV. P. 12(b)(1); Land v. Dollar, 330 U.S. 731, 735 n. 4, (1947), overruled by implication on other grounds by Larson v. Domestic Foreign Commerce Corp., 337 U.S. 682 (1949) (observing that as a general rule, district courts have authority to inquire "into the facts as they exist" "by affidavits or otherwise" as well as the pleadings when determining whether the court has subject matter jurisdiction). If the evidence creates a fact question regarding the jurisdictional issue, then the trial court cannot grant the plea to the jurisdiction, and the fact issue will be resolved by the fact finder. However, if the relevant evidence is undisputed or fails to raise a fact question on the jurisdictional issue, the trial court rules on the plea to the jurisdiction as a matter of law.

69            **Plaintiff's Position in Opposition**

70

71   <u>**Plaintiff Objection Position 1:**</u> **The Defendants mis-asserted Case Citation**

72

73   ***15.*** The Defendants' assertion that Plaintiff's *30-Motion is* a "Sur-Reply" is limited in nature and

74          does not fully encompass the required elements.  This fact is found by looking no further

75          than the Defendants' response citation of "***Birch v. City of Atchison, No.***

76   ***19-2156-JAR, 2020 WL 3034813, \*1 (D. Kan. June 5, 2020).***" (31-Response) which

77   subsequently states

78

79          ***16.*** *Before the Court is Defendants' Motion for Summary Judgment (Doc. 36) and Motion*

80                *for Leave to file Sur-sur-reply (Doc. 45) to Plaintiff's sur-reply. Under D. Kan. Rules*

81                *7.1 and 15.1(a), sur-replies are not permitted without leave of court, which Plaintiff*

82                *did not obtain. Thus, Defendants' motion to file a sur-sur-reply is denied because the*

83                *Court does not consider  Plaintiff's sur-reply to which Defendants seek to respond.*

84                *For the reasons discussed in detail below, Defendants' motion for summary judgment*

85                                        *is granted.*

86                                    *Doc. 44.*

87          ***17.*** *D. Kan. Rule 7.1 permits motions, responses, and replies as a matter of right. D. Kan.*

88                *Rule 15.1(a) provides that "[a] party filing . . . a motion for leave to file a pleading or*

89                *other document that may not be filed as a matter of right" to "(1) set forth a concise*

90                *statement of the amendment or leave sought; (2) attach the proposed pleading or*

91      *other document; and (3) comply with the other requirements of D. Kan. Rules 7.1*

92                                          *through 7.6."*

93  **18.** Plaintiff asserts that "D. Kan. Rule 7.1 permits motions, responses, and replies as a matter of

94      right." For which the following event complies.

95      19. May 26, 2023: Plaintiff Files "Objection to Appearance of Attorney General's Office of

96          Kansas" (Doc 16) – (Motion or Opposition)

97

98      20. June 14, 2023: Defendant files "DEFENDANTS' RESPONSE IN OPPOSITION TO

99          PLAINTIFF'S MOTION TO DISQUALIFY COUNSEL" (Doc 22) – "Response"

100

101     21. July 26, 2023: Plaintiff files "PLAINTIFF EMERGENCY MOTION FOR ORDER TO

102         STAY AND ORDER TO DISQUALIFY KANSAS ATTORNEY GENERAL'S OFFICE

103         AND WRIT OF INJUNCTION AND REQUEST FOR HEARING – "Technically" a

104         "Reply" since Court has continued it compensatory pause ruling on Plaintiff's previous

105         motion (Doc 14) and request for hearing (Doc 16) and essentially the emergency portion

106         of those request were not applicable.

107

108  **Plaintiff Objection Position 2: The Defendants mis-assertion due to newly**

109  **discovered information per the Defendants' admission.**

110

111   22. The Defendants' claim of "Sur-Reply" requirement is negated[2] thru the context in the

112       Plaintiff's *30 Motion* which contains and has a majority foundation of newly revealed

113       admissions by the Defendants.

114

115   23. The admissions regarding proper service in Doc 9 and the Defendants "technically"

116       confirming proper Service was rendered in "Individual" Capacity on each Individual

117       Defendant, but the Defendants have not disclosed their knowledge of these detailed points

118       nullify any association to the Plaintiff's previous objections or motions to disqualify the

119       KAG outside of the Plaintiff's assertion of a conflict of interest which remains an "issue of

120       fact" that will need to be determined therefore any procedural requirements on Plaintiff as it

121       pertains to a "sur-reply" are irrelevant.

122
123
124                                          **Conclusion**

125   24. Plaintiff believes it is reasonable to conclude the Defendants claim the

126       Plaintiff's 30-Motion as it pertains to being a "sur-reply" carries no foundation

127       of merit, additionally, the Defendants have not responded to any other part of

128       the Plaintiff's 30-Motion in context specifically the "Motion to Stay" the 12(b)

129       rulings until the "issues of fact" can be determined and properly presented so

130       the Court can make in factually informed and justiciable ruling.

---

[2] ***Sabeerin v. Fassler, No. 1:16-cv-00497 JCH-LF, at *6-7 (D.N.M. Apr. 1, 2021):*** The remainder of Plaintiffs'
arguments, although styled as Rule 73(a) "objections," are functionally an unauthorized sur-reply because Plaintiffs
made rebuttal arguments to Defendants' summary judgment arguments. Leave of court is required to file a sur-reply.
D.N.M.LR-Civ. 7.4(b). "Courts generally do not grant a party leave to file a sur-reply unless the opposing party's
reply brief includes new information that the responding party needs an opportunity to address." Casias v.
Distribution Mgmt. Corp., Inc., No. CV 11-00874 MV/RHS, 2014 WL 12710236, at *2 (D.N.M. Mar. 31, 2014).
**<u>Plaintiffs did not seek permission to file a sur-reply and Defendants' summary judgment reply brief contains
no new information that would necessitate the filing of a sur-reply.</u>** The portions of Plaintiffs' second amended
objections that are not Rule 73 focused are an unauthorized sur-reply that will not be considered in ruling on the
summary judgment motion.

131                                    **Request to Court**

132  25. The Plaintiff requests this honorable Court sustain the Plaintiff's objection for

133       relevant reasons and

134  26. strike Defendants **31-Response** in its entirety as its contents bares no

135       applicability.

136

137                                        **Affidavit**

138  27. This affidavit is submitted in accordance with 28 U.S. Code § 1746 - Unsworn

139       declarations under penalty of perjury, Plaintiff hereby declares under the

140       penalty of perjury that the foregoing is true and correct to the best of Plaintiff's

141       knowledge.

142
143
144
145
146                          s/
147                                        COI Robert Craft
148                                         209 N Oak St
149                                      Stockton, KS 67669
150                                  Telephone: 941-270-0938
151                                Email: craft.kdoc@gmail.com